## W. T. EVANS *v.* H. R. RYAN.

**Partnership—Fraud—Contract.**

Where there is fraud in a contract vitiating a part of it, it will vitiate the whole contract, and a party cannot hold on to a part of a contract and repudiate such part as he may select.

Contract of Firm.

> Where in a partnership contract it is stipulated that either party may sell his interest in the partnership to any purchaser who is satisfactory to the other, and does so to one who is satisfactory but the remaining partner for the fraudulent purpose of extorting money from the partner desiring to sell refuses to consent to the sale, he is guilty of a breach of the contract, and the other partner is entitled to recover from him such damages as he sustains by the refusal.

## APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

### September 4, 1876.

## Opinion by Judge Cofer:

By the terms of the contract between the parties the appellant purchased the appellee's interest in the firm of Ryan & Evans, and assumed his liability to Stokes and Rufer for the rent of the hotel they were operating as partners, and such debts as the firm then owed, and released the appellee from his liability for one-half of the money advanced to the firm by the appellant; and in consideration thereof the appellee transferred all his interest in the property and effects of the firm, and executed to the appellant the note sued upon for one thousand dollars.

All these matters were embraced in a single contract, and that contract must stand or fall as a unit. If there is fraud in it which vitiates a part, it must vitiate the whole, and the appellee cannot affirm and hold on to a part and repudiate such portion as he may select. He must choose between abiding the whole and rescinding the whole; and as he has not offered to rescind, he must be taken to have elected to allow the contract as a whole to remain as made.

But if, as the appellee claims, one of the stipulations of the contract of partnership was, that should either party at any time desire to retire from the partnership he was to have the right to sell and convey his interest therein to any one whom he might present as a purchaser who was satisfactory to the other as a partner, and he did present J. C. Ray, and Ray was willing to buy and was satisfactory to the appellant, and the appellant, for the fraudulent purpose of extorting money from the appellee, refused to consent to the sale, the appellant was guilty of a breach of the contract of partnership, and the appellee has a right to recover on his counterclaim, and to be recouped out of the note for such damages as he sustained by the refusal. If, on the other hand, the stipulation was, as claimed by the appellant, that neither party should sell except to

such person as the other should consent to as a partner, the appellant had a right to withhold his consent, although he may not have had any objection to Ray as a partner.

In the one case the appellee had an absolute right to sell whenever he procured a purchaser acceptable to the appellant; in the other, no matter how acceptable the offered purchaser might be, he could not sell to him without the appellant's consent. If the latter's version of the contract is correct, he might well have said: "Ray is not objectionable to me, but I will not consent that you may sell to him, unless you will pay me a bonus of one thousand dollars." This would have been no violation of the contract, if it was as the appellant claims, for whether he would or not consent to a sale was a matter of volition; and he had a right to withhold his consent without a reason for so doing.

But if the contract was as the appellee claims, he had a right to sell, and when he presented Ray as a purchaser, the question was not whether the appellant would consent to a sale—appellee already had that right secured by his contract—but the question was whether Ray was satisfactory to the appellant as a partner in the business of keeping a hotel; and if he was such a person, and the appellant refused to say so, but said he was not, not because that was true, but for the purpose of forcing the appellee to sell to him for less than Ray was willing to give, he violated his contract and is responsible in damages. To say that Ray was not satisfactory when in fact he was, was a falsehood, and if he said so for the purpose of preventing a sale to Ray in order that he might compel the appellee to remain in the firm, or to sell to him at less than Ray was willing to give, such refusal was a breach of contract and a fraud in law.

But the court did not submit to the jury the question at issue between the parties as to what the contract was upon this point, but in effect it assumed that the appellee had a right under the contract to sell to any one who was acceptable to the appellant as a partner, whereas the appellant denied that such was the contract and insisted that by its terms the appellee had no right to sell to any one, however acceptable, without his consent. And as the appellee cannot insist upon the matters set forth in his answer as a defense to the action upon the note, but is confined to his counterclaim for damages for a breach of the contract of partnership, the amount of such damage should be submitted to the decision of the jury.

Judgment *reversed,* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*Edwards & Seymour, for appellant.*
*Lane & Harrison, Barrett & Brown, for appellee.*