## J. I. Case Threshing Machine Company v. Dulworth.

(Decided November 17, 1926.)

(Rehearing Denied with Modifications December 7, 1926.)

### Appeal from Green Circuit Court.

**1.** Sales—Benefit of Warranty Does Not Run with Chattel on Resale so as to Give Subpurchaser Right Against Original Seller.

—The benefit of a warranty does not run with a chattel on its resale so as to give subpurchaser any right of action against the original seller.

2.   Sales—Contract Requiring Purchaser to Take Steps Within Certain Time to Rescind Contract, or Obtain Services of Seller to Make Machinery Work, Valid and Enforceable.—A contract for the purchase of machinery, providing that purchaser is to take steps within a certain time to rescind the contract, or obtain services of seller in making machinery work, is valid and enforceable.

3.   Sales—Purchaser Failing to Comply with Alleged Contract as to Return of Tractor, if Unsatisfactory, Waived Right to Rescind Contract or Recover Damages for Deceit or on Warranty Resting Thereon.—Where alleged contract for sale of tractor provided purchaser was to return or offer to return tractor to seller within six days after delivery, if unsatisfactory, purchaser who failed to comply therewith within time specified waived right to rescind or recover damages for deceit or upon the warranty, resting upon such alleged contract.

4.   Sales—Judgment Rescinding Contract Erroneous, where Not Shown that Purchaser had Any Contractual Relations with Defendant Company.—Purchaser of tractor could not maintain suit against threshing machine company to rescind contract or recover damages for breach of warranty, where he had not purchased tractor from such company and had no contractual relations with them at any time, but purchased machine from implement dealer, and judgment of lower court rescinding contract was erroneous.

5.   Bills and Notes—Novation—Giving of New Note to Transferee of Payees by Maker and His Surety Held Novation, Relieving Payees from Liability on Indorsement.—Where maker and surety on note gave new note to bank, transferee of payees, there was a novation which relieved payees from liability on endorsement.

6.   Infants—Giving of Renewal Note After Attainment of Majority Held Ratification, Estopping Assertion of Plea of Infancy.—Where minor gave note for tractor, and after becoming of age gave renewal note, he thereby ratified note and contract, and estopped himself to set up plea of infancy.

7.   Infants—Infant's Rescission of Contract Must be In Toto.—Infant's rescission of contract of purchase must be in toto.

8.   Infants—Infant's Contract, though Voidable, May be Ratified by Him on Attaining Majority, and Thereupon is as Binding as if Not Made During Infancy.—Contract of infant, though voidable, may be ratified by him when he becomes of age, and, if ratified, is as binding as if made after majority.

9.   Sales—Mere Showing that Tractor Would Not do Work Contemplated by Purchaser Held Not to Warrant Recovery as for Breach of Warranty that it was as Capable as Other Like Machines.—Warranty that tractor was of good material, durable, and as capable as other machines of equal size and proportions, working under same conditions on same job, if competently operated, held not to warrant recovery on mere showing that tractor did not gen-

erate enough power to do the kind of work contemplated by purchaser.

10. Sales—Alleged Written Contract Held to Preclude Buyer of Tractor from Relying on Implied Warranty.—Purchaser of tractor held not entitled to rely on implied warranty, in view of express provision of alleged written contract.

11. Sales—Express Warranty Generally Excludes by Implication all Inconsistent Implied Warranties.—Generally express warranty in written contract excludes by implication all inconsistent implied warranties on same subject.

BAGBY & HUGUELY for appellant.

ROLIN HURT, JEFF HENRY and C. H. NOGGLE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This suit was commenced in the Green circuit court by appellee, Dulworth, against the J. I. Case Threshing Machine Company to obtain a rescission of a contract of purchase of a farm tractor, and, if that could not be done, for judgment on a warranty for the price, $1,217.92, agreed upon to be paid for the tractor, the purchaser having executed his negotiable note and it having passed in due course of business to a banking institution. The firm of Leachman & Walton, dealers in farm machinery and implements at Greensburg, Kentucky, sold the tractor to Dulworth about the 8th of March, 1920, and took from him his promissory note for the purchase price, with his father, J. A. Dulworth, as surety. Previous to that time Leachman & Walton had entered into a contract with the J. I. Case Threshing Machine Company by which the former were to have the exclusive privilege of handling and selling in Green county farm machinery manufactured by the company. At the time of the making of the contract Leachman & Walton purchased the tractor now in controversy and soon thereafter paid the full purchase price to the company and the tractor was delivered to Leachman & Walton. They put it on sale and young Dulworth purchased it from them as stated above. The tractor was carried to the farm of the father of young Dulworth, in Green county, and there tested out. The firm of Leachman & Walton attempted to assist him in this work. The tractor, according to young Dulworth, proved unsatisfactory. Its power was not great enough to pull plows on the farm and to do satisfactory plowing.

This is denied by the company and its agent who examined the tractor and operated it on the farm. According to the evidence Dulworth called upon the agents of the company about April 28th to send an experienced person to his farm to put the tractor in condition and to operate it. This was almost two months after the tractor was delivered to the farm of young Dulworth.

Appellant, Threshing Machine Company, insists that there was no privity of contract between appellee, Dulworth, and it, and consequently that it is not liable to Dulworth upon any warranty made by Leachman & Walton concerning the tractor. It is a well-settled rule recognized at common law that the benefit of a warranty does not run with a chattel on its resale so as to give the sub-purchaser any right of action against the original seller. 24 R. C. L. 159, 51 L. R. A. (N. S.) 1111; The Asher Lumber Co. v. Cornett, &c., 22 R. 569; Prater v. Campbell, 110 Ky. 23, 35 Cyc. 370.

While there is some evidence upon the subject it does not clearly appear that there was any written contract of sale between the firm of Leachman & Walton and appellee, Dulworth. However, Dulworth says that the firm of Leachman & Walton warranted the farm tractor to him as being a first class machine, "the best tractor made and warranted to do good work in plowing, harrowing and disking farm lands." It is averred in the petition that "this warranty induced the plaintiff to purchase the tractor and to execute his note therefor for the sum of $1,217.92, with his father, J. A. Dulworth, as his surety; that said note was made negotiable and payable to bearer and was assigned to the People's Bank, Greensburg, Kentucky, for a valuable consideration before maturity, and thereafter when said note became due same was paid by plaintiff."

He also stated in evidence that he received a written contract from the firm of Leachman & Walton containing a warranty of the tractor but that his copy of the contract had been lost or misplaced, and he gives no indication of the terms of the warranty. Apppellee intimates he received the usual printed contract containing the company's standard warranty of tractors, and if he did the warranty was a limited one as shown by a copy of such contracts filed in the record, and which we will later consider, and the warranty ran not from the Threshing Machine Company but from Leachman and Walton, and

rested upon many conditions, one of which required the purchaser of a tractor to return or offer to return the tractor to the seller within six days from its delivery, if it were unsatisfactory.  There is no pretense on the part of Dulworth that this condition of the contract was complied with by him.  In fact, it seems that he did not call upon the appellant company to make the tractor good or to keep its warranty until the tractor had been in his possession for something like two months.  Courts have frequently held that contracts for the purchase of machinery like the one in question, providing that the purchaser shall take steps within a certain time to rescind the contract or to obtain the services of the seller in making the machinery work, are valid and enforceable.  35 Cyc. 424-425 and 426, 24 R. C. L. 241.; City of Bardwell v. Southern Engine and Boiler Co., 130 Ky. 223.

Inasmuch as appellee, Dulworth, failed to call upon the company within the time specified in the contract upon which he relies to rescind the contract, if contract he had, or to make the machinery good, he waived his cause of action and is not now entitled to have a rescission of the contract or to recover damages of the company for deceit, or upon the warranty, all of which rests upon the contract, if indeed he had such contract.  There is, however, a much more potent reason why apppellee, Dulworth, is not entitled to a recovery in this case.  He did not purchase the tractor from the Threshing Machine Company and had no contractual relation with that company at any time concerning the tractor.  True, the company at the request of the dealers and Dulworth sent its experts to the farm of Dulworth to examine the tractor and make it operate.  This was done, as the company explains, long after the delivery of the tractor in order to facilitate the sale of its machinery by demonstrating to all doubters that its tractors were all they were claimed to be, and not as a duty owing under the contract.  If there were in fact no privity of contract between Dulworth and the company, then plaintiff has no cause of action against the company.  On the contrary, if he had a written contract with the firm of Leachman & Walton, dealers, at Greensburg, he could have enforced that contract and that firm in turn could have enforced any contract of warranty existing between it and the company.  The court below adjudged Dulworth entitled to the relief sought and adjudged the contract for the sale of the trac-

tor rescinded, and the company entitled to the tractor on demand; that appellee, Dulworth, recover of the company the sum of $1,217.92, with interest. There was no judgment against Leachman & Walton although they had been made parties defendant .on cross-petition and had filed their answer and joined issue. As indicated above, the court was in error in adjudging appellee, Dulworth, entitled to recover over against the company unless he had contractual relation with it.

In avoidance of the note and contract appellee, Dulworth, in his petition pleaded that he was an infant under twenty-one years of age at the time he made the contract and gave the note for the tractor. The evidence shows that he was about twenty and a half years old at the time the note was given and the tractor purchased. He had been in business for himself before that time, and there is nothing in the record to indicate that the local dealers, Leachman and Walton, knew young Dulworth was less than twenty-one years of age at the time they sold him the tractor. The tractor was the property of Leachman and Walton, they having paid the threshing machine company the full price therefor, and had the tractor in their place of business in Greensburg. The appellant had no interest in the tractor. The local dealers sold the tractor to Dulworth and Dulworth gave his note with his father as surety for the price. Soon thereafter the note was transferred, before maturity, to the People's Bank of Greensburg, and this bank owned and held the note when it became due. Thereupon Dulworth and his father executed a new note to the bank making the bank payee instead of Leachman and Walton, and thus took up the . old note. This was a novation, and relieved Leachman and Walton of all liability on the note on account of their endorsement. From the evidence we gather the fact to be that the note at the bank had been renewed from time to time by Dulworth and had not been paid at the time of the institution of this action. When young Dulworth renewed the note he was twenty-one years of age and knew that the tractor which he had purchased was unsatisfactory, for he claims that he discovered that in April, 1920, before the note became due in the autumn. When he renewed the note he ratified the contract of purchase of the tractor, and thus waived his plea of infancy or rather estopped himself to set up infancy in the face of his ratification of the note and contract, for it is

the rule that a rescission must be *in toto*.   13 C. J. 623;
W. T. Evans v. H. R. Ryan, 8 Ky. Op. 720; Brill v. Rack,
15 Ky. L. 383.   Counsel for Dulworth contend that his
infancy at the time the contract was entered into entitled
him to a rescission of the contract regardless of its terms.
Petty v. Roberts, 11 Bush 417.   Let it be so.   The con-
tract of an infant, though voidable, may be ratified by him
when he becomes of age, and if ratified is as binding as
if it had been made after he became twenty-one years of
age.   31 C. J. 1061; Peters v. Noble, 196 Ky. 123.   Even
though the contract as originally made was voidable at
the option of the infant, Dulworth, yet when he renewed
the note to the bank after he became of age, he ratified
the contract and estopped himself to rely upon infancy
in avoidance of the contract.

But let it be supposed that there was privity of con-
tract between appellee, Dulworth, and the Case Company
arising out of the printed contract which Dulworth says
he thinks was delivered by Leachman and Walton to
him, and which he signed, and let us consider the terms
of the contract in this light and determine whether ap-
pellee, Dulworth, is entitled to recover of the Case Com-
pany upon the warranty, which reads:

"Said machinery except belting and magnetos is
purchased upon and subject to the followwing mutual
and interdependent conditions, and none other,
namely: It is warranted to be made of good material,
and durable, with good care and to be capable of
doing as much and as good work as other machines
made of equal size and proportions, working under
the same conditions on the same job, if properly
operated by competent persons, and the printed rules
and directions of the manufacturer intelligently fol-
lowed.   The condition of the foregoing warranty is
that if, after the purchaser operating in the manner
specified for a period of six days, said machinery
shall fail to fulfill the warranty, written notice
thereof by registered letter shall at once be given
to the J. I Case T. M. Company at Racine, Wiscon-
sin, and also to the dealer from whom received, stat-
ing in what parts and wherein it failed to fulfill the
warranty, and reasonable time shall be given to said
company to send a competent person to remedy the
difficulty (unless it be of such a nature that a remedy

may be suggested by letter), the purchaser render-
ing necessary and friendly assistance and coopera-
tion, without compensation for labor or material
furnished, and the company reserving the right to
replace any defective part or parts.  If, after giving
the notice and opportunity to remedy ·the difficulty;
complained of, as above provided, the company fails
to send a representative said difficulty (or to suggest
an efficient remedy by mail), or if, upon its attempt
to remedy the same, the machinery cannot be made
to fill the warranty, the part that fails is to be: re-
turned immediately by the purchaser, free of charge,
to the place where it was received and the ·company
notified thereof in writing at Racine, Wisconsin,
whereupon the company shall have the option to·
either furnish another machine, or part, in place of
the one so returned, which shall fill the warranty, or
to return the notes or money received for the ma-
chine or parts so returned, and the contract shall be
rescinded to that extent, and no further claim made
on the company.  Failure to so make such trial or
to give such notice in any respect, or to return such
machinery or parts in the manner stated, shall be
conclusive evidence of due fulfillment of warranty
on the part of the company and that the machinery
is satisfactory to the purchaser and the company
shall thereupon be released from all liability under
the warranty.  Any assistance rendered by the com-
pany, its representatives, agents or employes in
operating said machinery or in remedying any actual
or alleged defects, either before or after the six days'
trial, shall in no case be deemed any waiver of, or
excuse for, any failure of the purchaser to fully keep
and perform the conditions of this warranty."

The contract then provides that·in case any machine or
part thereof ·should prove unsatisfactory that the ·com-
pany shall have the privilege of replacing the same if
notified in a certain way within a given time.  Conclud-
ing, the contract says:

"It is agreed there is no express, implied or
statutory warranty by the company of quality, fit-
ness or capacity of the goods above described other
than or different from the printed conditional war-
ranty herein contained."

Further continuing the contract says:

"Failure to fully settle on delivery as above provided or to comply with any of the conditions of this warranty on the purchaser's part, or any change in the printed terms of this warranty or the conditions thereof (unless authorized in writing by an officer of the company), or any abuse, misuse, unnecessary exposure of machinery, or waste committed or suffered by the purchasers, discharge the company from all liability whatever. No representation made by any person as an inducement to give and execute this order shall bind the company."

The last literary paragraph of the contract above the signature of the purchaser, reads:

"The undersigned hereby acknowledge to have received a full, true and correct copy of this order, and that no promise, representations or agreements have been made to or with me not herein contained."

On the left-hand margin of the contract, in big, bold type appears the following:

"No Branch Manager, Salesman, Expert, Local Dealer or Any Other Person Unless Authorized in Writing by an Officer of the Company has Any Authority to Waive, Alter or Enlarge this Contract or to Make Any New or Substituted or Different Contract, Representation or Warranty."

On the right-hand margin appears this:

"Salesmen, Mechanics and Experts are Not Authorized to Bind the Company by Any Act, Contract or Statement."

The contract contains much other matter, including a full description of the tractor, plows, etc., sold, and the terms and conditions of payment. Appellee, Dulworth, insists that he received a copy of this contract but that he has lost it. He was then asked to state the terms of the verbal agreement which he says he had in addition to the written contract, but was unable to do so, and no other witness was asked to or did so. The contract signed by appellee, Dulworth, was identified by other witnesses, and it contains the warranty above recited.

Coming now to a consideration of the terms of the warranty, it may be said that the magneto and belt are expressly excepted therefrom, which is important in this case because much of the complaint of appellee, Dulworth, is based upon the failure of the magneto and belt to properly function. Otherwise the tractor was warranted to be of good material, durable with good care, and to be capable of doing as much and as good work as other machines made of equal size and proportions working under the same conditions and on the same job, if properly operated by competent persons and the printed rules and directions of the manufacturer intelligently followed, all of which warranty was conditioned upon the immediate trial of the machinery, discovery by the purchaser of defects in the machinery within a period of six days after its delivery and upon the further condition that written notice of such unsatisfactory conditions be given the company by registered letter within a time fixed, and also notice to the local dealer stating in what parts and wherein the machinery failed to fulfill the warranty, all of which is coupled with the further provision that the company should have the privileges, after such notice, of supplying the defective parts and of making the machinery function in accordance with the warranty, if possible. The substance of the evidence for appellee, Dulworth, is that the tractor would run and generate power but was not strong enough or heavy enough to do the kind of plowing which he contemplated upon his farm and was, therefore, unsatisfactory. All the testimony is to the effect that the machine would run and had power, and some of it, especially by the experts representing the company, is to the effect that the tractor was of first class mechanism, developing under reasonable conditions all the power a tractor of that size and character could be expected to have under normal conditions. If that be so, or if the tractor would properly function, but did not generate enough power to do the kind of work desired by appellee, Dulworth, that alone would not be a violation of the warranty, as we will see from an examination of the terms of that undertaking. There is no testimony that the tractor was not made of good material as warranted, nor that it was not durable with good care and capable of doing as much and as good work as other machines of equal size and proportions, nor is there evidence for appellee, Dulworth, tending to show what other

tractors of like size and proportions would do under similar conditions if properly operated by competent persons upon the same job. As we read the contract there was no warranty that the tractor would pull plows set in the ground a certain depth or plows set in the ground at all, but only that the tractor was made of good material and durable with good care, and when operated by competent persons, according to the printed rules and directions of the manufacturer, was capable of doing as much and as good work as other like machines of equal size and proportions; working under the same conditions on the same job. No effort was made to show what other tractors of like size and proportions would have accomplished upon the same job under similar conditions and, therefore, it can not be said that there is evidence tending to prove a breach of the warranty. Neither can appellee, Dulworth, rely upon an implied warranty because the contract, as we have seen, expressly states that no implied or statutory warranty, except as stated in the writing, should become effective, and further that no representation made to him by any person as an inducement to get or execute the order for a tractor, shall be binding upon the company, and finally, "that no promises, representations or agreements have been made to or with me (Dulworth) not herein contained." The general rule is that an express warranty contained in a written contract excludes, by implication, all inconsistent implied warranties upon the same subject. Smith v. Miller, 2 Bibb 616; Moreland v. Secrest, 106 Ky. 711; Ramsey v. Beedle, 8th Ky. Law Rep. 702; Coffman v. Allin, Litt's Selected Cases (Ky.) 200; Guhy v. Nichols, 33 Ky. Law Rep. 237; Gaar, Scott & Co. v. Hodges, 28 Ky. L. Rep. 889; 35 Cyc. 392; 35 Cyc. 379; 24 R. C. L. 179.

"A warranty will not be implied where the contract expressly stipulates against its existence," says 13 C. J. 567. Mitchell Manufacturing Company v. Kempner (Ark.), 105 S. W. 880. And a contract which sets forth certain warranties and contains a clause declaring no other warranties, either express or implied, is made or to be relied upon, forecloses the right of the purchaser of personal property to rely upon any warranty save that expressly set forth in the writing. The general rule seems to be that an article of personal property sold subject to a test to be made by the buyer must be regarded

as sold without warranty of fitness, and none can be or is implied. 24 R. C. L. 192.

For the reasons indicated the judgment must be reversed, with directions to enter a judgment in conformity with this opinion.

Judgment reversed.