## Hall Manufacturing Company v. Purcell, et al.

(Decided May 25, 1923.)

### Appeal from Hardin Circuit Court.

1. Continuance—Amended Trial Petition Held Departure from Original Entitling Defendant to Continuance.—Where the petition upon which the parties went to trial alleged a sale with warranty direct from defendant to plaintiffs, an amendment offered at the trial to conform to the proofs so as to allege a sale by a dealer who was authorized by defendant, the manufacturer, to warrant the machinery on behalf of the manufacturer to the dealer's customers, was such a departure from the original petition as to entitle the defendant to the discharge of the jury and a continuance on the ground of surprise, especially where the defendant was a non-resident corporation and its managing officers were not present at the trial.

2. Principal and Agent—Sales—Dealer Held Not Authorized to Warrant in Name of Manufacturer—No Privity Between Manufacturer and Purchaser from Dealer as Respects Warranty.—A statement by manufacturer to a dealer who purchased machinery outright for resale that, if the dealer would take the manufacturer's warranty and not deviate from it, the manufacturer would stand by the warranty, does not give the dealer authority to warrant the machine to his customers in the name of the manufacturer; nor does it create between the manufacturer and the purchaser from the dealer such privity as authorizes the purchaser to rely upon the warranty made by the manufacturer to the dealer.

H. L. JAMES for appellant.

L. A. FAUREST for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

This is an action for damages by appellees, plaintiffs below, against appellant, an Iowa corporation, wherein damages are sought because of an alleged breach of warranty made by defendant to plaintiffs of a certain piece of machinery alleged to have been sold to them by it.

The answer denied the sale by appellant to appellees and denied the making of any warranty whatever.

On the trial it appeared that appellant is an Iowa corporation and the manufacturer of what is known as the Jenny silo filler husker, a piece of machinery designed to expedite the filling of silos. It further showed that W. H. McMurtry was a dealer in machinery at Elizabethtown,

and bought the machine sold to appellees from appellant, and sold the same to appellees; that he was not the agent of appellant, and the transaction was wholly one between him as a dealer and the appellees as purchasers.

Thereupon during the trial the plaintiffs tendered an amended petition wherein it was alleged in substance that the Hall Manufacturing Company at the time of the sale in question and prior thereto was engaged in manufacturing Jenny silo filler huskers of the kind purchased by plaintiffs and was selling same to and through dealers, and contracted with W. H. McMurtry to sell machines of that kind to him as a dealer for the purpose of being sold by McMurtry to other parties, and that the defendant warranted said machines as follows: "The Hall Manufacturing Company guarantees the machinery for one year against defective material and workmanship, and that it will perform the work as described in their literature, and that any defective material will be replaced promptly, free of charge, by it, upon receipt of notice and description of the defective parts," and that defendant expressly agreed with McMurtry that said warranty should extend to and be for the benefit of the parties who might purchase said machines from or through said McMurtry, and that defendant therefore authorized McMurtry to make said warranty for and on its behalf with the persons who should purchase said machines from McMurtry. They then allege that McMurtry represented to them that said warranty was the warranty of defendant.

This amended petition was filed over the objection of defendant, whereupon defendant entered a motion to set aside the swearing of the jury and continue the action, which motion was overruled. On consideration of this motion the attorney for the defendant filed his affidavit stating the case had been prepared by him on the idea that a sale was claimed to have been made direct to plaintiff by the defendant, and that until the filing of the amendment he had no information that plaintiffs would claim defendant had made the contract of warranty set out in the amendment, and that the chief officers and agents of appellant resided at Monticello, Iowa, and none of them were present at the trial and that, therefore, defendant's attorney was surprised at the allegations of the amended petition, and desired time to prepare to meet the new issues presented.

It is perfectly apparent that the original petition relied upon a direct sale by appellant to appellees, and the warranty supposed to have been made in such sale; so that when it was alleged in the amendment that the warranty to appellees was made by McMurtry and that there was an express agreement between McMurtry, the dealer, and appellant, the manufacturer, that the manufacturer's warranty to the dealer should extend to and be for the benefit of purchasers from the dealer, there was such a radical departure from the ground of recovery set up in the original petition as made it the duty of the court to continue the action because of the new issue made, and especially when the chief officers and agents of appellant were all non-residents of the state, and not present at the trial.

At the time of the purchase of the machinery by appellees they, among themselves, entered into an agreement as to the use thereof among themselves and as to the payments therefor, and at the foot of that agreement the warranty or guaranty of the Hall Manufacturing Company was appended in the same language as that contained in their literature sent to the dealer; but that was done by the dealer without the knowledge or consent of appellant.

On the trial the plaintiffs introduced McMurtry, the dealer, who testified positively that he was not the agent of the Hall Manufacturing Company, but that he had bought the machine outright from that company, and that company had nothing to do with the selling of the machine to the plaintiffs. That he had paid appellant in advance for the machine, and the note for the purchase price was executed to him, the dealer, and he had discounted the same at the bank. He further testified that he wrote to appellant and asked if it would stand behind its guaranty and it said:

"If you will take the company's guaranty and stand on that, we will stand by it and not deviate from it, and you not deviate from it either verbally or in writing, we will stand behind it." McMurtry's testimony indicates at one point that the above quoted statement by the company was in a letter by it to him, but no such letter is produced. In another part of his evidence, however, he says that is a copy of a guaranty he got from "an old order."

If the quoted authority is all the authority given by the company to its dealer, it falls short of authority to

him to warrant or guarantee the machine in its name; on the contrary it is only an assurance to the dealer that if in his dealings with purchasers he will confine his warranty or guaranty to the warranty or guaranty made by the company to him, the company will stand by it. This is neither authority to the dealer to warrant in the name of the manufacturer, nor does it create between the manufacturer and the purchaser from the dealer such privity as authorizes the purchaser to rely upon the warranty made by the manufacturer to the dealer.

There is nothing in the evidence of McMurtry, other than the quoted authority, either from a letter or an old order, indicating that he had any authority to warrant the machinery in the name of the manufacturer, and not having such authority there was not shown such privity of contract between the plaintiffs and the manufacturer as to enable them to rely upon its warranty, and therefore the motion for a directed verdict should have been sustained.

If, however, upon another trial the whole of the letter or old order referred to should be introduced in evidence, and such writing as a whole would authorize a different interpretation, then the trial court will be governed accordingly.

For the reasons indicated the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.