SCHANTZ v. MOTT.

1. SALES—ORDER ACCEPTED IN ALABAMA IS ALABAMA CONTRACT.
   An order for lumber given in Michigan for acceptance in Alabama, upon acceptance there became an Alabama contract.

2. SAME—ON INSPECTION BUYER MUST EITHER REJECT OR ACCEPT.
   Purchasers of lumber, who, on its arrival, inspected it and found it unfit for use, were put to an election to either reject or accept the shipment.

3. SAME—UNCONDITIONAL ACCEPTANCE WITH KNOWLEDGE OF CONDITION PRECLUDES RECOUPMENT FOR BREACH OF CONTRACT.
   Purchasers of lumber who, at the time of its unconditional acceptance, knew its condition, could not, in an action for the purchase price, set up, by way of recoupment, a claimed breach of the contract and recover damages occasioned thereby.

4. SAME—KNOWLEDGE OF PURPOSE—IMPLIED WARRANTY.
   Although seller's agent taking order for lumber knew that it was to be used in making clock cases and had to be dry, there was no implied warranty that it would be very dry, and therefore suitable for said purpose, where the order called for kiln dried lumber without particular specification, and the usual trade kiln dried lumber was furnished.

5. SAME—NO IMPLIED WARRANTY OF FITNESS WHERE DESCRIBED ARTICLE IS AGREED UPON AND FURNISHED.
   If a known, described, and defined article is agreed upon and furnished, there is no implied warranty of fitness even though the seller is the manufacturer and the buyer disclosed to him the purpose for which the article was purchased.

6. SAME—UNIFORM SALES ACT NOT APPLICABLE TO ALABAMA CONTRACT.
   Although, in an action on a Michigan contract, under the uniform sales act (3 Comp. Laws 1915, §§ 11880, 11900), purchasers of lumber would have a right to elect to accept

¹Sales, 35 Cyc. p. 94; ²Id., 35 Cyc. p. 229; ⁴Id., 35 Cyc. p. 403; ⁶Sales, 35 Cyc. p. 430.

it and set up against the seller a breach of warranty by way of recoupment, said act is not available in an action on an Alabama contract, not having been adopted in that State, except so far as it speaks the common law of that State.

Error to Lenawee; Sampson (Jacob N.), J. Submitted April 6, 1928. (Docket No. 65.) Decided June 4, 1928.

Assumpsit by Arthur Schantz against Judson L. Mott and John E. Mott, copartners as the Merchants Advertising Company, for goods sold and delivered. Judgment for plaintiff on a directed verdict. Defendants bring error. Affirmed.

*Baldwin & Alexander,* for appellants.

*James H. Cornelius* and *Charles L. Robertson,* for appellee.

WIEST, J. An agent of plaintiff called upon defendants in the city of Adrian, and was given the following order:

"From
"MERCHANTS ADVERTISING COMPANY,
315 West Maumee street,
Adrian, Michigan.
"About 12,000 feet 7-in. K. D. S4S to $1\frac{3}{4}$x$6\frac{3}{4}$.
"4,000 feet 1x3 K. D. S4S to about $2\frac{3}{4}$x$\frac{3}{4}$."

This order was sent by the agent to the home office of plaintiff at Jackson, Alabama, and from there notice of acceptance was sent to defendants. The lumber was shipped from Alabama to Adrian, Michigan, and, upon arrival of the car at Adrian, defendants took out some of the lumber, and in working it up, found that it was not sufficiently kiln dried for their purposes, and notified plaintiff of their rejection of the shipment. The railroad agent also notified plaintiff of the re-

644 242 MICHIGAN REPORTS. [June

jection by defendants, and was directed by plaintiff to rebill the car to parties at Dayton, Ohio. Later defendants notified the railroad agent that they would accept the car, and plaintiff was so informed and consented. After taking the lumber, defendants refused to accept a draft for the shipment and laid claim to damages. This suit was brought by the seller to recover the agreed price of the shipment. Defendants, under plea of the general issue, gave notice of damages sustained by them because the lumber was not sufficiently kiln dried, and asked to have the same allowed in recoupment. At the close of the proofs the circuit judge, on motion of counsel for plaintiff, directed a verdict in favor of plaintiff for the amount of his claim. Defendants review by writ of error and claim the court was in error in so directing the verdict.

The order for the lumber was given in Michigan, to be sent to Alabama for acceptance, and, upon acceptance there, was an Alabama contract. *Dudley A. Tyng & Co.* v. *Converse*, 180 Mich. 195. When the car arrived at Adrian and the lumber was inspected and found unfit for use, defendants were, to say the least, put to an election to either reject or accept the shipment. They first rejected and then accepted, and, as their acceptance was unconditional, they are liable for the agreed price. At the time of acceptance defendants were aware of the condition of the lumber and could not take it unconditionally and, when sued, set up, by way of recoupment, a claimed breach of the contract and recover damages occasioned thereby. Plaintiff's agent who took the order was aware of the fact that the lumber was to be used in making clock cases and had to be dry. From this, defendants claim, there arose an implied warranty that the lumber would be very dry, and, therefore, suitable for clock cases. The lumber was kiln dried, but it seems that the usual kiln drying is not sufficient for

defendants' purposes.    The order called for kiln dried
lumber, and, in the absence of particular specification,
this was met by the usual trade kiln drying.    We do
not think an implied warranty can be raised under the
circumstances here disclosed.

What we have in mind upon the subject of implied
warranty is well expressed in 2 Mechem on Sales, §
1349, adopted by this court in *Amos* v. *Walter N. Kelley
Co.,* 240 Mich. 257, and approved in many States as
a true exposition of the common law:

"If, therefore, a known, described, and defined article
is agreed upon, and that known, described, or defined
article is furnished, there is no implied warranty of
fitness even though the seller is the manufacturer and
the buyer disclosed to him the purpose for which the
article was purchased."

This is also the common-law rule in Alabama.

In *Gachet* v. *Warren & Burch,* 72 Ala. 288, it was
said:

"But, if a manufacturer, or dealer, contracts to sell
a known and described thing, although he may know
the purchaser intends it for a specific use, if he delivers
the thing sold, there is no implied warranty, that it will
answer, or is suitable for the specific use, to which the
purchaser intends applying it."

Defendants rely upon the Michigan uniform sales
act (3 Comp. Laws 1915, § 11900), and it is said in
their behalf that they elected to accept or keep the
lumber and set up against plaintiff a breach of war-
ranty by way of recoupment, and it would appear,
under the wording of the statute, that they had an
absolute right to do this.

Counsel for defendants also direct attention to section
11880, 3 Comp. Laws 1915 (uniform sales act).    The
contract and remedies thereunder do not come within
the provisions of the Michigan uniform sales act, except
to the extent that act speaks the common law, for it

was an Alabama contract and there was not, at that time, a uniform sales act in the State of Alabama. Therefore, the liability of defendants is the common-law one resting upon acceptance, with full knowledge of the claimed breach.    There was no express warranty, and an implied one cannot be found.

Upon this record there was no issue for the jury, and the judgment is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.