# Hieronymous Motor Company et al. v. Smith.

(Decided November 24, 1931.)

ROSE & STAMPER and BEATTY & BEATTY for appellants.

T. B. BLAKEY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

For the balance of the purchase price of a Chrysler automobile, Francis Smith executed and delivered to the Hieronymous Motor Company, a partnership composed of W. S. Hieronymous and W. L. Jones, a note for $1,-282.25 payable in monthly installments of $106.85. This note was secured by a mortgage upon the automobile purchased by Smith, and these instruments provided, that in default of payment of any installment when due, the full amount of the note at the option of the holder became due and collectable. Thereafter, and before the first installment became due, the note was assigned to Mr. C. Beach. The first installment was paid to Mr. Beach when due, but the maker defaulting in payment of other installments, Mr. Beach instituted suit against him in the Lee circuit court asking for judgment for the balance due on the note and for the enforcement of the lien.

By answer, counterclaim, cross-petition and numerous amendments thereto, Smith made the Hieronymous

Motor Company, John Jones, C. Beach, the Kinkead Wilson Motor Company, and the Chrysler Sales Corporation parties to the action, alleging that W. S. Hieronymous, W. L. Jones, C. Beach, and John Jones, were partners composing the firm of Hieronymous Motor Company; that that company and the Kinkead Wilson Motor Company warranted and represented to him as an inducement to purchase the automobile that it would attain a speed of at least 75 miles per hour and would make from 12 to 16 miles per gallon of gasoline; that he was furnished with pamphlets and literature issued by the Chrysler Sales Corporation containing a description of the various models of Chrysler automobiles, including the model purchased by him in which it was represented that this particular model would travel 75 miles or more per hour; that the Chrysler Sales Corporation stood behind and guaranteed all statements contained in said pamphlet. He further alleged that he purchased the automobile for speed and would not have purchased it but for the representations and warranties made to him; that the automobile purchased by him could not attain a rate of speed in excess of 60 miles per hour; and would not make more than 6 or 7 miles per gallon of gasoline. He alleged that by reason of failure of the warranties, he had been damaged in the sum of $831.87.

By appropriate pleadings, the issues were completed. The court sustained a motion of the defendant Smith for an issue out of chancery to try before a jury the question of fact as to whether or not the automobile in controversy was defective and not as represented when sold to him.

The evidence discloses that the Kinkead Wilson Motor Company is a partnership engaged in business in Lexington, and had a distributor's contract with the Chrysler Sales Corporation carrying the right to sell Chrysler motor vehicles in a number of counties in Kentucky, including Lee and Owsley. Motor vehicles were sold outright by the Chrysler Sales Corporation to the company. The Hieronymous Motor Company is a partnership composed of W. S. Hieronymous and W. L. Jones, and engaged in business in Beattyville. Under a contract between the two companies, the latter were dealers with the right to sell Chrysler Motor vehicles in the counties of Lee and Owsley. The former sold and delivered automobiles direct to the latter; the sales and transfers being evidenced by bills of sale. The Hieronymous

Motor Company sold and delivered automobiles direct to customers, such sales being evidenced by bills of sale made by the company to the customer. Smith testified that he bought the automobile from the Hieronymous Motor Company, and that he did not purchase it from the Kinkead Wilson Motor Company, and had no contract or trade with them. He further testified that the only thing he had to do with the Kinkead Wilson Motor Company was to go there and look at the car, and they told him what the car would do and all about it. He selected the automobile he desired to purchase on the floors of the Kinkead Wilson Motor Company in Lexington and had the conversation with and received literature from a representative of that company before he had any talk with the Hieronymous Motor Company. He then went to his home at Beattyville and made known to the dealers there that he had selected this automobile and would purchase it if they would take in his old Buick at a satisfactory price. His evidence on this question being as follows: "I came on home then and saw Bill Jones or Bill Hy one, I forget which one it was, and we got to talking about a trade for this car, my old Buick, and we traded, they gave me $375 for that old burned up Buick . . . I gave him $200 more I believe . . . made $575, that was the down payment on this car that I bought and Bill Jones went with me down there Sunday night . . . and delivered me the car at the Kinkead Wilson Motor Corporation." He stated that when he and Mr. Jones went to the Kinkead Wilson Motor Company for the automobile they talked with a Mr. Haddon, and that "I asked them what the car would do, they said 75 miles or more and I was talking about how much gasoline it would take, and they told me it would do 12 to 16 miles to the gallon of gasoline depending on how fast you drove it." He testified that he got from 5 to 6 miles to the gallon, and that the highest speed he could get this automobile to make was 61 miles per hour.

A week or so after he purchased the automobile he made some complaint to Mr. Jones that it was taking too much gas. After Smith had driven this car for a little over two months, a distance of over 4,000 miles in which it had been badly wrecked twice, he drove it to the place of business of the Hieronymous Motor Company, and there seems to have abandoned it.

The witness was requested to read from a pamphlet describing the model of automobile purchased

by him as to its speed and performance. He was then asked this question:

"Q. Tell the jury whether or not these representations are what you bought it on. A. I bought it on what they represented it to be to me and they gave me this book at the show room of the Kinkead Wilson Motor Company."

The representative of the Kinkead Wilson Motor Company who talked to Smith about the automobile and who gave him the Chrysler literature, denied that he made the alleged representations or warranties as to the performance of the automobile, and the members of the Hieronymous Motor Company denied that they made any such warranties or representations. The evidence shows that this particular automobile was purchased by the Hieronymous Motor Company from the Kinkead Wilson Motor Company, and that it was sold and delivered to Smith by the Hieronymous Motor Company.

The jury returned a verdict in favor of C. Beach for the balance due on the note, and, as directed by the court, returned a verdict in favor of the Chrysler Sales Corporation; but, on the issues submitted as to the Hieronymous Motor Company and the Kinkead Wilson Motor Company, returned a verdict in favor of Francis Smith for the sum of $300, and, from the judgment based on that verdict, the companies have appealed.

No contractural relation or privity between the parties is disclosed by the record which would authorize a recovery on the alleged warranty as against the Kinkead Wilson Motor Company, and manifestly the court should have sustained the motion for a peremptory instruction in its favor.

From what we have already said, it necessarily follows that instruction No. 1 given by the court is erroneous, in that it assumes that both of the defendant companies made the sale to Smith, and that it authorizes the jury to find for him if either of the companies made the alleged representations and warranties. Under the pleadings and proof, the Hieronymous Motor Company is not bound by any warranty or representation that may have been made by the Kinkead Wilson Motor Company. But this error was waived by failure to reserve exceptions to the instruction.

The only question remaining is whether there is sufficient evidence to support the verdict as against the

Hieronymous Motor Company. Appellant Smith's own evidence shows that all the details of the transaction were agreed upon before he and Mr. Smith went to Lexington, where the automobile was turned over to him. It is not even claimed that the local dealers had made any representation respecting the automobile prior to that time. Nowhere in his evidence does he state positively that either member of that firm made any representation or warranty as to what it would do as regards speed or mileage per gallon of gasoline. Mr. Smith testified to what "they" said when he and Mr. Jones went to the Kinkead Wilson Motor Company's place of business to get the automobile and were talking with a member of that firm. He was equally as vague and indefinite when it came to the question as to whether he relied on any alleged representation or warranty made by the dealers when he purchased the automobile.

In the light of the evidence in regard to the alleged representations and warranties and the conduct of Smith subsequent to the time he purchased the automobile, we cannot escape the conclusion that the verdict is flagrantly against the weight of the evidence.

Judgment reversed and cause remanded with directions to dismiss the cross-petition as to the Kinkead Wilson Motor Company, and for new trial in conformity with this opinion.

Whole court sitting, except JUDGE CLAY.