## Davis v. Glass Coffee Brewer Corporation et al.

Feb. 22, 1944.

Hardin H. Herr and Krieger & Huffaker for appellant.

Edward J. Hogan and Edwin O. Davis for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In this action Mary Beatrice Davis is attempting to hold liable the manufacturer of a glass coffee percolator for a burn she sustained when the handle of the percolator broke as she was removing the percolator full of coffee from the stove. This appeal is from a judgment dismissing the appellant's petition as amended upon her failure to plead further after a demurrer had been sustained thereto.

The grounds urged for reversal are: (1) When the manufacturer of a coffee percolator offers it for sale to the general public there arises an implied warranty that the purchaser may rely on to the effect that the percolator is suitable for percolating coffee under the instructions for its use; and (2) the manufacturer of an article which is not inherently or intrinsically dangerous to health or life, but which is nevertheless unsafe and dangerous by reason of defects in its construction and material, who either conceals the defects or represents the article as safe and sound, is liable to the ultimate consumer who may be injured by reason of such defect.

There is no charge that an ordinary glass coffee percolator is a dangerous instrumentality. Nor is there a charge of negligence on the part of the maker of the percolator; or that the maker knew or should have known that the percolator was defective in any respect. The charge is: ''Plaintiff further states that said urn or percolator was not fit for the purpose for which it was offered for sale by said Glass Coffee Brewer Corporation, and was not fit for the purpose of making or percolating coffee therein, for which purpose it was purchased by the plaintiff.''

The general rule is a contractor, manufacturer, or furnisher of an article, not imminently dangerous to life or health, is not liable to third parties having no contractual relation with him for negligence in the construction, manufacture or sale of the article, except where there is a false representation as to quality or contents, and where the manufacturer knows of defects which make the article dangerous for the purpose for which it is intended and conceals them. Payton's Adm'r v. Childers' Electric Co., 228 Ky. 44, 14 S. W. (2d) 208; Nehi Bottling Co. v. Thomas, 236 Ky. 684, 33 S. W. (2d) 701; Graham v. John R. Watts & Son, 238 Ky. 96, 36 S. W. (2d) 859, and cases cited therein.

As we have noted, it was not charged in the case at bar that an ordinary glass coffee percolator is an article imminently dangerous to life, nor were the allegations sufficient to bring the case within the exceptions to the general rule. The percolator was purchased on the 19th of June, 1941, and the accident of which the appellant complains did not occur until the evening of June 21st. For aught we know, the handle may have been damaged while in the hands of the seller, the hands of the appellant, or through improper use or handling on occasions prior to the one in question. Since we believe, as did the trial court, that the petition as amended failed to state a cause of action, the sustaining of the demurrer thereto was proper.

Judgment affirmed.