## Reed v. Tipton.

June 25, 1948.

Redwine & Redwine for appellant.
Jouett & Logan for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On March 8, 1947, at about 9 P. M. the appellant, Alvie Reed, who was 29 years of age, was riding in an automobile going east on State Highway No. 60 which was driven by Robert Tipton. About four miles west of Winchester the car in which they were riding, in order to avoid collision with another car which was on the highway without lights, was turned to the left by the driver and ran into a bank on the north side of the highway producing more or less painful injuries to plaintiff.

On June 7 thereafter plaintiff filed this action in the Clark circuit court against W. A. Tipton, the father of R. W. Tipton, who, as we have seen, was the driver of the car at the time of the accident, seeking to recover $1,088 from defendant as damages resulting from his injuries.

The grounds alleged in the petition seeking to fasten liability on defendant was that appellant was a guest in the automobile and that "said car was being operated by Robert Tipton, son of William A. Tipton, who maintained said car for the use of his family, and said son was driving said automobile on said occasion with the knowledge and consent of the defendant, the defendant's son negligently and carelessly so operated and drove said car that it left the highway, as it proceeded east on the Lexington-Winchester Highway, about 4 miles from Winchester, Kentucky, and left the road and ran into a ditch, and as a result of which the plaintiff was seriously and permanently injured," which is designated in the law as the "Family Purpose Doctrine." The doctrine is of comparatively recent origin, and it was adopted by the courts in order, as stated in 88 A. L. R. 601, "to charge one who had purchased a car for the use of his family, with responsibility for injury or damage resulting from its negligent operation by a member of his family. It was quite generally recognized that liability could not be based on the doctrine of master and servant, or principal and agent, as it had previously been applied. Owing, however, to the multitude of cases and the seeming injustice in allowing one so to purchase a car, turn it over to a member of his family,

and thus make possible injury or damage to an innocent person, the principles of the law of master and servant and principal and agent was stretched by the courts in some jurisdictions, beyond their former limits, to include the so-called 'family purpose doctrine,' whereunder liability is imposed where none before existed.''

That definition with its limitations and qualifications is recognized by this court in many cases and is thoroughly discussed in the case of McNamara v. Prather, 277 Ky. 754, 127 S. W. 2d 160, and also in the later case of Rutherford v. Smith, etc., 284 Ky. 592, 145 S. W. 2d 533. Many other like cases will be found listed in the supplement to Vol. 3 of Kentucky Digest, under the heading of ''Automobiles,'' Key 195(5). Among the limitations upon the doctrine is that a parent is not liable thereunder for the negligence of his adult child, nor unless the negligent member of the family driving the car was on some family purpose mission.

The only witness introduced for plaintiff at the trial of this case was himself and the only fact developed by his testimony was that R. W. Tipton was the son of the defendant, W. A. Tipton, but even that fact was not expressly testified to by the witness when giving his testimony, but it was developed by a statement which he, following the accident, gave to his counsel as to how the accident happened in which he said that the automobile was driven by R. W. Tipton, a son of W. A. Tipton. No other fact was testified to by him, nor in any manner appearing in the case, which are essential under that doctrine to fasten liability upon the head of the family as the owner of the car. At the close of the testimony of plaintiff his counsel offered no other evidence and counsel for defendant then moved the court for a directed verdict in his client's behalf because of (1) ''the failures of plaintiff to prove any negligence on the part of the driver of the defendant's car'' and (2) ''no evidence was introduced to establish the use of the Tipton car as a family purpose car.'' That motion was argued and the court announced that he would sustain the motion. At that point the jury was admonished and the court adjourned until 1 o'clock P. M. when plaintiff moved the court for permission to reopen the case and call defendant, W. A. Tipton, as a witness which the court overruled, whereupon the court instructed the

jury peremptorily to return a verdict in behalf of defendant.

Two grounds for reversal stated in the motion for a new trial, and argued on this appeal, are, (1) error of the court in sustaining defendant's motion for a peremptory instruction, and (2) in overruling plaintiff's motion to reopen the case.

Since we have concluded that the court did not err in overruling plaintiff's motion to reopen the case and to permit him to introduce defendant as a witness after the court had announced his purpose to direct the verdict for defendant, was not abuse of the sound discretion of the court in making the ruling, we have concluded to pass without determining the question of negligence on the part of R. W. Tipton in the operation of the car at the time of the accident.

No avowal was made by plaintiff's counsel as to what he desired to prove by defendant, W. A. Tipton, and in the cases of Haffey v. Western Union Telegraph Co., 194 Ky. 709, 713, 714, 240 S. W. 374, and Humpich's Trustees v. Louisville Gas & Electric Co., 269 Ky. 558, 108 S. W. 2d 509, we held under similar situations that the court did not abuse a sound discretion in overruling the motion to reopen the case after the court had announced his purpose to direct a verdict in favor of the moving litigant. No reason is given in the motion of plaintiff herein to reopen the case, such as mistake, oversight, or any other legitimate reason to reopen the case after arriving at the stage of the trial above indicated and with no avowal showing what was expected to be proven by the proposed additional testimony. In such circumstances we are unable to conclude that the court abused a sound discretion in overruling the motion.

Plaintiff therefore having failed to prove sufficient facts to show liability of defendant under the "Family Purpose Doctrine" it follows that the court was correct in giving the peremptory instruction complained of upon the ground of failure of proof by plaintiff to sustain his cause of action.

Wherefore, the judgment is affirmed.