Cosmo **OSTAPENKO**, Plaintiff-Appellant,

v.

**AMERICAN BRIDGE DIVISION OF UNITED STATES STEEL CORPORATION**, Defendant-Appellee.

No. 293, Docket 25511.

United States Court of Appeals
Second Circuit.

Argued April 24, 1959.

Decided May 29, 1959.

Benjamin H. Siff, New York City (Arthur C. Zale, New York City, on the brief), for appellant.

Mark F. Hughes, New York City (Willkie, Farr, Gallagher, Walton & FitzGibbon and Vincent R. FitzPatrick, New York City, on the brief), for appellee.

Before LUMBARD, Circuit Judge, and WEINFELD and ANDERSON, District Judges.

WEINFELD, District Judge.

Plaintiff appeals from a judgment in favor of the defendant entered upon an adverse jury verdict in an action to recover damages for personal injuries allegedly sustained by reason of defendant's negligence. Reversal of the judgment is sought upon two grounds: (1) failure of the Court to charge with respect to the defendant's statutory duty under the Labor Law of the State of New York; and (2) the submission of the issue of plaintiff's contributory negligence to the jury.

Appellant, a carpenter employed by one of the subcontractors engaged in the construction of a thirty-story building at 425 Park Avenue, New York City, was injured while working on the fifth floor by an object which fell from above. He claims he was struck by a metal pin, seven-eighths of an inch thick and nine inches long, referred to as a "drift pin." The defendant was another subcontractor on the job, engaged in steel fabrication and erection. At the time of the accident its employees were working on the eighth and ninth floors. They were using drift pins of the type which plaintiff claims struck him. The defendant not only disputed the charge of negligence, but vigorously urged that the defendant's contributory negligence barred recovery.[1]

The Court instructed the jury on the essential elements necessary to sustain the charge of negligence. Specifically,

the Court charged the jury that the falling of a drift pin from the upper floors was negligence on somebody's part and it was for the jury to decide who was responsible; that it was for them to determine whether, in fact, a falling drift pin was the cause of the injury and whether it fell from a floor above as a result of the negligence of the defendant or its employees. Thus, the jury was correctly instructed on the principles of negligence and specifically on the facts as to the defendant's alleged negligence. The charge was clearly unexceptionable.

However, the plaintiff urges that the instruction did not go far enough. Section 241 of the New York State Labor Law imposes the duty upon a contractor such as the defendant to plank over floors or areas below which work is being performed. A failure to comply would make out a prima facie case of negligence.[2] The plaintiff contends that there was evidence that the defendant was removing planking from floors above that on which he was working and under this circumstance, even if the jury were in doubt as to how the drift pin came to fall, it could still find the defendant negligent for failure to provide the protection directed by the Labor Law. Accordingly, it is urged that it was prejudicial error for the Court not to have instructed the jury specifically that the defendant had a duty under the New York Labor Law to plank over the floors and to point up the issue of negligence for failure to do so. The contention cannot be upheld in the light of all the facts. The complaint charged common law negligence. It did not allege, nor was the case tried on the theory of, breach of statutory duty. No request for instruction on this item was submitted by plaintiff's counsel as required by Rule 51 of the Federal Rules of Civil Procedure. Counsel seeking specific instructions to a jury on a par-

1. The Court's jurisdiction is based upon diversity of citizenship. Under New York State law, contributory negligence is an absolute bar.

2. Caminiti v. Matthews Construction Co., 2d Dep't, 241 App.Div. 879, 272 N.Y.S. 245.

ticular matter must submit timely requests for such instructions,[3] and this is particularly true where specific instructions are sought with respect to State statutes which may have application in diversity cases.[4]

The first reference to the planking issue came at the conclusion of the Court's charge, when counsel noted an exception. However, the exception was far from clear. It referred to defendant's alleged failure to meet a contractual obligation to provide overhead covering; no reference was made to any claim of breach of statutory duty. Indeed, appellant's counsel concedes that no mention was made of the Labor Law but contends this is an "irrelevance." It cannot be so regarded. The objection should have been sufficiently clear to inform the Judge of the appellant's position.[5] But even assuming it was presented to the Judge with sufficient clarity, the failure of the plaintiff to submit any written request on this phase of the case made it unnecessary for the Judge to amplify his previous charge which properly instructed the jury on the general fundamental rules of law applicable to the principal issues of fact in the case.

As to the second assigned error —that the Court should not have submitted the issue of plaintiff's contributory negligence to the jury—no exception was taken to the Court's main charge on this subject.[6] It was only after several hours' deliberation, when the jury had inquired whether it had to return a defendant's verdict if it found the plaintiff chargeable with contributory negligence, that his counsel for the first time contended that there was no proof of contributory negligence, and then requested the Court again instruct on and define that concept for the jury. The request obviously was not timely. But apart from the lack of timeliness, the charge was more favorable to the plaintiff than the facts required. Plaintiff had been furnished with a safety helmet at the start of the day's work. About an hour and a half before the accident, it had fallen to one of the floors below. Plaintiff failed to obtain another and continued to work without one until the time of the accident. Defendant would have been entitled to an instruction that the issue of contributory negligence was to be considered against plaintiff's exposure for an hour and a half without a helmet, fully aware that danger existed from falling objects overhead.

The judgment is affirmed.

3. Turner Construction Co. v. Houlihan, 1 Cir., 240 F.2d 435; Willits v. Yellow Cab Co., 7 Cir., 214 F.2d 612.

4. Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645.

5. Rosenfeld v. Curtis Pub. Co., 2 Cir., 163 F.2d 660. See also Sweeney v. United Feature Syndicate, 2 Cir., 129 F.2d 904.

6. In fact, plaintiff submitted a request on this issue, which was granted.