**William B. SCHULTZ, Plaintiff-Appellee and Cross-Appellant,**

v.

**TECUMSEH PRODUCTS, a Corporation, Defendant-Appellant and Cross-Appellee.**

**Nos. 14649, 14650.**

United States Court of Appeals
Sixth Circuit.

Nov. 27, 1962.

Weick, Circuit Judge, dissented.

G. Cameron Buchanan, Detroit, Mich., Robert P. Hobson, Louisville, Ky., on brief, for Tecumseh Products Co.

William J. Weinstein, Detroit, Mich., Carl Gussin, Detroit, Mich., on brief, for William B. Schultz.

Before CECIL, WEICK and O'SUL-LIVAN, Circuit Judges.

**428**

O'SULLIVAN, Circuit Judge.

Plaintiff-appellee, a citizen of Kentucky, brought suit to recover damages for personal injuries sustained by him when a refrigerator compressor unit which he had installed in a food market exploded. The accident happened in Kentucky. Defendant-appellant, a Michigan corporation, manufactured the unit which caused the injuries. The suit was tried to a jury in the United States District Court for the Eastern District of Michigan, Southern Division, and resulted in a verdict of $74,349.64 for the plaintiff. Of that amount, $21,994.00 was ordered remitted by the District Judge. This is a diversity case.

Defendant raises only one question in its appeal: Did the District Judge err in submitting to the jury the right of the plaintiff to recover on a finding of breach of implied warranty, in the absence of privity of contract between plaintiff and defendant? Plaintiff cross-appeals from the order of remittitur, contending that such order violates the Seventh Amendment to the United States Constitution. Because of our disposition of defendant's appeal, we need not discuss the cross-appeal.

■ The case was submitted to the jury on two theories: negligence in manufacture and breach of implied warranty. No error is claimed in the submission of the negligence count. It is clear, however, that if the warranty count was erroneously submitted to the jury, the verdict returned in plaintiff's favor must be set aside and a new trial ordered.[1]

Defendant contends, and plaintiff agrees, that the law of Kentucky controls the disposition of the question it raises. Under the law of that state, it is argued, a plaintiff may not recover damages for a breach of implied warranty in the absence of privity of contract between him and defendant. No privity of contract existed between the parties.

Plaintiff's proofs showed that the explosion was caused by the presence of a defective casting in the compressor unit. Defendant purchased the casting from the Lakey Foundry, Muskegon, Michigan, and sent the casting to its plant in Marion, Ohio, where it was used as a component in the refrigerator compressor unit here involved. The compressor unit was sold by defendant to a distributor, Williams & Company, Louisville, Kentucky. On July 24, 1957, plaintiff purchased the unit from Williams & Company and installed it that same day at the K & I Super-Market in Louisville. The next day, when plaintiff began to remove his test gauges from the unit, the explosion occurred with the consequent injuries. No direct contractual relation thus exists between plaintiff and defendant.

■ ■ In diversity cases, a federal court applies the substantive law of the state where that tribunal sits. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. This requirement directs that the federal court likewise follow the conflict of laws rules of the forum state. Klaxon Co. v. Stentor Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481; Maki v. George R. Cooke Co., 124 F.2d 663 (C.A. 6, 1942); Victorson v. Albert M. Green Hosiery Mills, 202 F.2d 717 (C.A.3, 1953). Under the conflict of laws rule obtaining in Michigan, the forum state, in an action involving a sale, the law of the place of the sale determines the extent and effect of the warranties which attend the sale. Schantz v. Mott, 242 Mich. 642, 645, 646, 219 N.W. 634; Amos v. Walter N. Rilley Co., 240 Mich. 257,

---

1. If a case is submitted to a jury on more than one theory of recovery and reversible error is committed in the submission of one of these theories, a general verdict returned in favor of the plaintiff must be set aside and a new trial ordered. Cygan v. Chesapeake & Ohio Rly. Co., 291 F.2d 782, 783 (C.A.6, 1961); Wilmington Star Mining Co. v. Fulton, 205 U.S. 60, 77–79, 27 S.Ct. 412, 51 L. Ed. 708; Dunbar v. Adams, 283 Mich. 48, 276 N.W. 895; Charters v. Industrial Works, 179 Mich. 1, 146 N.W. 128.

260, 215 N.W. 397. See also: Sullivan v. Sullivan, 70 Mich. 583, 585, 38 N.W. 472; Alropa Corp. v. King's Estate, 279 Mich. 418, 420, 272 N.W. 728. Where an action is predicated upon a statute of a state other than the forum state, such statute will be construed in accordance with the decisions of that state unless those courts have not placed a definite construction on the statute. In the latter event, the courts of the forum state, Michigan in this case, will construe the statute as they would a like statute of their own state. Edison v. Keene, 262 Mich. 611, 613, 247 N.W. 757; Perkins v. Great Central Transport Corp., 262 Mich. 616, 623, 247 N.W. 759. If the courts of the state of the situs of a sale have not adopted any rule on the point of law involved in the case—in this case the question of whether privity of contract is essential to an action on an implied warranty—the forum state may follow its own views and decisions in resolving the question. Bostrom v. Jennings, 326 Mich. 146, 154, 40 N.W.2d 97.

■ Our first inquiry, then, is whether there is now clear Kentucky law on the question before us. If not, the rule presently in force in Michigan would sustain the district court's submission of breach of implied warranty. In Michigan, privity of contract is no longer essential to the maintenance of an action for breach of implied warranty. Spence v. Three Rivers Builders & Masonry Supply, Inc., 353 Mich. 120, 90 N.W.2d 873; Manzoni v. Detroit Coca-Cola Bottling Co., 363 Mich. 235, 109 N.W.2d 918. We are of the opinion, however, that the law of Kentucky is to the contrary.

Prior to 1928, when Kentucky adopted the Uniform Sales Act (K.R.S. § 361.010 et seq., repealed, 1958, c. 77, art. 10, § 10–102 [2] ), it was the law of Kentucky that no action could be predicated on a warranty, express or implied, without privity of contract between the parties to the suit. Prater v. Campbell, 110 Ky. 23, 60 S.W. 918 (1901); Hall Manu-

facturing Co. v. Purcell, 199 Ky. 375, 378, 251 S.W. 177 (1923); J. I. Case Threshing Machine Co. v. Dulworth, 216 Ky. 637, 641, 287 S.W. 994 (1926); Berger v. Standard Oil Co., 126 Ky. 155, 158, 103 S.W. 245, 11 L.R.A.,N.S., 238 (1907). In the last cited case, the Berger case, an employee of the purchaser of lubricating oil claimed to have been injured from its use, charging that such oil was not fit and suitable for its intended use as impliedly warranted by its manufacturer. He brought suit against the manufacturer in two counts, one in negligence and one in warranty. The trial court submitted plaintiff's claim of negligence to the jury, but, because there was no privity of contract between plaintiff and the manufacturer, refused to submit the warranty issue. In sustaining the action of the trial court, the Kentucky Court of Appeals said:

"There is lacking privity, mutuality, consideration, and every other element essential to constitute the contractual relation between the claimant and the person sued."

■ Appellee argues that because the above cases antedated Kentucky's adoption of the Uniform Sales Act, they have lost their validity as controlling precedents. In this connection, it should be noted that Section 73 of the Sales Act (K.R.S. 361.730) provides: "In any case not provided for in this chapter, the rules of law and equity * * * shall continue to apply to contracts to sell and to sales of goods." Nowhere in the Sales Act does it purport to deal with the question of privity of contract. Consequently, since that Act does not legislate on the question of privity of contract, it cannot be said to overrule prior court decisions on that point. Cf., Graves Ice Cream Co. v. Rudolph W. Wurlitzer Co., 267 Ky. 1, 6, 100 S.W.2d 819 (1937). Apart from this consideration, however, the Kentucky decisions rendered after the adoption of the Sales Act in 1928 treat of the point involved with sufficient

---

**2.** Upon the repeal of the Uniform Sales Act in 1958, the Kentucky Legislature adopted in its stead the Uniform Commercial Code. (Chap. 355, K.R.S.)

clarity and finality as to provide controlling precedent for our decision of the case at bar. Since the Sales Act became a part of Kentucky law, the Court of Appeals has dealt with the privity question in four cases. Nehi Bottling Co. v. Thomas, 236 Ky. 684, 33 S.W.2d 701 (1930); Hieronymous Motor Co. v. Smith, 241 Ky. 209, 43 S.W.2d 668 (1931); North American Fertilizer Co. v. Combs, 307 Ky. 869, 212 S.W.2d 526 (1948); Caplinger v. Werner, 311 S.W. 2d 201 (Ky.1958). While the facts of these cases are not on all fours with those in the case before us, the decisions are sufficiently analogous for our purposes here. From those cases, we conclude that Kentucky adheres to the rule that privity of contract between plaintiff and defendant is essential to a cause of action for breach of implied warranty.

In Nehi Bottling, which involved an implied warranty, the plaintiff was poisoned by drinking pop which he had purchased from a seller who had, in turn, purchased it from the defendant manufacturer, or bottler. On appeal, it was held that plaintiff was entitled to go to the jury on negligence, but not on breach of implied warranty. After reviewing cases involving the liability of manufacturers of food and drink, the Court said:

" * * * [T]here are two lines of cases upon which the right of action by the consumer is upheld against the manufacturer, and which are bottomed upon two distinct theories, the one ex contractu and the other upon tort. The opinions adopting the first theory permit the action to be maintained upon the theory, which those courts are pleased to designate, of a constructive warranty which is always a contractual obligation. The courts that permit the action to be maintained upon the ground that the manufacturer failed to exercise the requisite degree of care, and was therefore negligent, adopt the tort theory, *since there can be no warranty in the absence of a contractual relationship*, and there is no such relationship between the consumer and the manufacturer * * *. To keep our opinion in harmony with the fundamental and basic principles of the law, we have concluded to adopt the tort theory as being the sounder of the two principles upon which the cause of action is permitted, where the purchase is not direct from the manufacturer." (236 Ky. 688, 689, 33 S.W.2d 703.)

In Hieronymous Motors, the Kentucky court was dealing with express warranty. A litigant had purchased an automobile from a dealer who had purchased it from Kinkead Wilson Motor Company. Being sued for the balance of the purchase price, he filed a counterclaim in which he impleaded the Kinkead Wilson Motor Company and charged it and others with breach of warranty. In holding that no such claim could be asserted against Kinkead, the Court said:

"No contractual relation or privity between the parties is disclosed by the record which would authorize a recovery on the alleged warranty as against Kinkead Wilson Motor Company and manifestly the court should have sustained the motion for a peremptory instruction in their favor." (241 Ky. 212, 43 S.W. 2d 669.)

North American Fertilizer Co., dealt with the implied warranty based upon subsection (5) of K.R.S. § 361.150 (Section 15(5) of the Uniform Sales Act). Under such subsection, an implied warranty as to the quality of fitness of a product for a particular use "may be annexed by the usage of trade." The product involved was a grade of fertilizer ordinarily used for the field cultivation of tobacco. The plaintiff used it for *plant bed* cultivation and claimed that such use of the product had become so customary that an implied warranty of its fitness for such use came into being by reason of "usage of trade." Plaintiff purchased the fertilizer from an independent seller who had acquired it by purchase from the manufacturer. The manufacturer was joined as a defendant

in plaintiff's suit for breach of the claimed implied warranty. The manufacturer's motion for a directed verdict was denied and it appealed from a judgment entered against it on a jury verdict. The Court of Appeals decision, in holding that the manufacturer's motion should have been granted, was that such a warranty as plaintiff relied upon did not extend beyond the immediate seller and could not be charged against the remote manufacturer. Thus limited to its precise holding, the case supports defendant's position. The plaintiff here, however, relies upon its dictum to support a claim that Kentucky law on this point is now unsettled and its courts are now ready to move into line with the Michigan rule. The paragraph containing the dictum relied upon reads:

"The Uniform Sales Act seems to incorporate a declaration of the rights and remedies existing between sellers and buyers rather than between manufacturers and consumers. While this company (the manufacturer) was a seller as to Taylor (the independent dealer), yet Taylor alone was a seller as to Combs (plaintiff). There was no privity existing between this company, the manufacturer up in Louisville, and Combs, the buyer down in Jessamine County, except that privity springing from a warranty that this product had the specified component parts and a further warranty that this product was fit for the common usage of the ordinary fertilizer." (307 Ky. 873, 212 S.W.2d 528.)

■■ If the decisive holding of that case has any relevancy to the question of law before us, it supports defendant's position that privity of contract is required. Its dictum commencing with the word "except" in the last sentence of the quotation may provide plaintiff with some support. We have said that, "where a question has been decided expressly in an earlier case which has not been modified, the fact that in later cases involving similar, but different, questions, the reasoning seems to indicate a changed view is not justification for a departure from the rule earlier laid down." Grand Trunk Western R. Co. v. H. W. Nelson Co., 118 F.2d 252, 254 (C.A.6, 1941). So too, here, the dictum expressed in the North American Fertilizer case, does not warrant us to say that such language overruled all prior Kentucky precedents on the point involved. A chance dictum uttered in a single opinion is not sufficient ground upon which to bottom a repeal of the clearly announced law of a state. See: New England Mutual Life Ins. Co. v. Mitchell, 118 F.2d 414, 419, 420 (C.A.4, 1941).

After the use of the dictum in the North American case, (1948), the Kentucky Court of Appeals reiterated its adherence to the general rule of the necessity of privity. In Caplinger v. Werner, supra, (1958), the Kentucky court was considering an action of a young lady who was injured by the explosion of a motor boat in which she was a guest. The plaintiff joined as defendants the owner of the boat, the dealer who sold the boat to such owner— her host's father—and the manufacturer of the boat. The latter was not served and the case went to trial against the dealer and the owner. A verdict was directed for both defendants on plaintiff's opening statement, primarily because the trial court was of the opinion that such statement did not make a case of negligence. The Court of Appeals in affirming the judgment said:

"In considering the correctness of the trial court ruling, it may be noted that appellant has attempted to assert a cause of action against Werner (the dealer) for breach of an implied warranty and one against Thompson based on negligence. * * * There was no contractual relation alleged or shown between Werner the seller, and appellant, a third party, who had no contractual relation with Thompson, the buyer of the boat. There was a failure to allege or show any cause of

action by appellant on any implied warranty or representation under K.R.S. 361.150. The complaint did not attempt to state a cause of action against Werner based on negligence." (311 S.W.2d 203.)

■ The holding on this point clearly is at variance with the dictum expressed in the North American case. Even should we characterize the above language as dictum, it affords the plaintiff no assistance, because where there are opposed statements of equal gravity made by a state court, the more recent one will control as the expression of what the state law is. See: Standard Acc. Ins. Co. v. Roberts, 132 F.2d 794, 799 (C.A.8, 1942).

Appellant urges, however, that the fact that the plaintiff in the above case was not herself a buyer of the boat detracts from its appositeness here. Such factual difference does not, in our opinion, provide substantial distinction. Where the privity rule has been abolished, the benefit of such abolition has been held to be available to a remote non-buyer as well as to a remote buyer.[3] Manzoni v. Detroit Coca-Cola Bottling Co., 363 Mich. 235, 109 N.W.2d 918; Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1; Peterson v. Lamb Rubber Co., 343 P.2d 261 (Cal.App., 1959). Neither does the fact that plaintiff in the Caplinger case failed to make out a case of negligence detract from the court's ruling that privity of contract is essential to recover for breach of implied warranty.

The legal point involved here is a subject of much discussion in the current legal literature relating to products liability. Some commentators state that a trend away from the privity rule is now clearly discernible. Up to now, however, a large majority of the states adhere to the rule that privity is essential to recovery for a breach of implied warranty. This is evidenced by the note on the subject in 75 A.L.R.2d 39. The writer of such note, as well as other legal scholars, refer to the Michigan and New Jersey rules, the minority position, as the more enlightened view. Notwithstanding such observations, a check of the supplement to the above annotation indicates a persistence by various state courts to adhere to the allegedly less enlightened view. We will not, by dictum, take an excursion into academic discussion of the relative merits of the currently opposing views on the subject. Neither is it necessary that we speculate as to whether Kentucky should now adopt the allegedly more enlightened view. We must accept its clear pronouncements on the question before us without trying to prophesy whether it will change direction in its next decision.

Appellee further argues, however, that, whatever may be the law of Kentucky, it was proper for the District Judge to follow Michigan law in submitting the case on implied warranty. This is so, he says, because the only Kentucky authority cited to the District Judge was the dictum of the North American Fertilizer case. It was cited by plaintiff's counsel to support his request that the District Judge submit implied warranty notwithstanding absence of privity. Not being advised of the other applicable Kentucky decisions, discussed hereinabove, the District Judge determined to follow the Michigan rule on the privity question. Plaintiff-appellee argues that such was correct procedure because of the failure of *defendant* to cite the more pertinent Kentucky decisions. If the case had been tried in a state court of Michigan, it might have been appropriate for such court to have applied the Michigan rule, absent a showing that the law of Kentucky was to the contrary. People v.

---

3. Under the Uniform Commercial Code, now a part of the law of Kentucky, a *seller's* implied warranty to *his* buyer "extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured [thereby]." K.R.S. 355.2–318.

Sokol, 226 Mich. 267, 269, 197 N.W. 569; Crane v. Hardy, 1 Mich. 56, 63. Under the Michigan statute, its courts may, but are not required to, take judicial notice of the decisions of other states. M.S.A. § 27.876, Comp.Laws 1948, § 617.27. Such, however, is not the rule in Federal Courts.

The states of the Union are not foreign to the United States or to its courts. Such courts are required to take judicial notice of the statute and case law of each of the states. Owings v. Hull, 34 U.S. 607, 625, 9 Pet. 607, 9 L.Ed. 246; Covington Drawbridge Co. v. Shepherd, 61 U.S. 227, 232, 20 How. 227, 15 L.Ed. 896; Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 29 L.Ed. 94; Hanley v. Donoghue, 116 U.S. 1, 6, 6 S. Ct. 242, 29 L.Ed. 535. "The law of any State of the Union, whether depending upon statutes or *upon judicial opinions*, is a matter of which the courts of the United States are bound to take judicial notice, *without plea or proof*." (Emphasis supplied.) Lamar v. Micou, supra, p. 223, 5 S.Ct. p. 859, 29 L.Ed. 94.

The rule thus enunciated by the Supreme Court has been followed in this and other circuits under a variety of circumstances, prior to and subsequent to Erie v. Tompkins. Baltimore & Ohio R. Co. v. Reed, 223 F. 689, 697 (C.A.6, 1915); Loree v. Abner, 57 F. 159, 164 (C.A.6, 1893); Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641, 646 (C.A.3, 1958); Gallup v. Caldwell, 120 F.2d 90, 93 (C.A.3, 1941); Alcaro v. Jean Jordeau, 138 F.2d 767, 772 (C.A. 3, 1943); Wm. J. Lemp Brewing Co. v. Ems Brewing Co., 164 F.2d 290, 293 (C.A.7, 1947). That Erie v. Tompkins has not affected or changed the rule is emphasized and discussed by Professor Moore at 5 Moore's Federal Practice, 1343, 1344.

It is not necessary for our decision to now consider whether plaintiff, who was requesting the instruction on implied warranty, or defendant, who was resisting such instruction, should have better researched and advised the District Judge of the Kentucky decisions. The distinguished District Judge who tried this case gave careful consideration to the requests submitted. He invited, but failed to get, adequate briefing on the point involved. Notwithstanding these observations, however, counsel's failure to cite law of which a United States Court must take judicial notice, and which controls the disposition of the case, does not render such law inapplicable or prevent reliance upon it on appeal. Parkway Baking Company v. Freihofer Baking Company, 255 F.2d 641, 646 (C.A.3, 1958); In re Paramount Publix Corporation, 85 F.2d 83, 86 (C.A.2, 1936); United States v. Certain Parcels of Land, etc., 144 F.2d 626, 630 (C.A.3, 1944). See, also, Jenkins v. Collard, 145 U.S. 546, 560, 561, 12 S.Ct. 868, 36 L.Ed. 812; Lilly v. Grand Trunk Western R. Co., 317 U.S. 481, 488, 489, 63 S.Ct. 347, 87 L.Ed. 411.

We hold that it was error to submit plaintiff's claim of breach of implied warranty to the jury. Inasmuch as our decision will require a new trial, we need not consider the question involved in plaintiff's cross-appeal, viz.: whether the District Judge erred, or abused his discretion, in ordering a remittitur of a portion of the damages awarded by the jury's verdict.

The judgment is reversed and a new trial ordered.

WEICK, Circuit Judge (dissenting).

The District Judge, sitting in Michigan, in a diversity case, was confronted with difficult problems of conflict of laws when the time arrived for him to charge the jury. No issue as to the law of Kentucky had been previously raised in the pleadings or in the issues of law and fact set forth in the pre-trial order.

At the request of plaintiff, the court charged the jury on implied warranty under the provisions of the Kentucky statute which was also in force in Michigan in substantially the same language. Counsel for plaintiff cited to the court only one Kentucky decision, namely,

North American Fertilizer Co. v. Combs, 307 Ky. 869, 212 N.W.2d 526 which indicated, by way of dicta, that privity was not required in Kentucky. Counsel for defendant cited no Kentucky decisions to the court, but objected to the court's charge on implied warranty on the ground "that the law applicable to this case does not and did not warrant the submission of the theory of implied warranty."

The only applicable law submitted to the court was the decision of the Court of Appeals of Kentucky in North American Fertilizer Co., supra, and the decision of the Supreme Court of Michigan in Spence v. Three Rivers Builders & Masonry Supply, Inc., 353 Mich. 120, 90 N.W.2d 873. In Spence, the Supreme Court of Michigan held that privity was not required.

The court applied the Michigan rule on privity since it had not been shown to him that Kentucky law was any different. In so doing, he followed Michigan decisions which held that there is a presumption that the law of a sister state is the same as Michigan until the contrary is shown. Slayton v. Boesch, 314 Mich. 1, 23 N.W.2d 134; Walton School of Commerce v. Stroud, 248 Mich. 85, 89, 226 N.W. 883; Crane v. Hardy, 1 Mich. 56, 63. This rule also prevails in Kentucky. Lovejoy v. Reed, 302 Ky. 153, 156, 193 S.W.2d 1013.

Fairness would seem to require the parties to bring to the attention of the court applicable decisions of the courts of sister states if they rely on foreign law. While the judge may well know and have at his finger tips the decisions of the Supreme Court of his own state, it is certainly too much to expect that he would know the common law of other states which may be entirely different. When foreign law is not injected into a case until the judge is ready to charge the jury, he does not have much time to make an independent investigation of his own. Foreign law is generally regarded as a fact. 20 Am.Jur. § 48, p. 73. The Kentucky decisions now relied on by appellant were not cited to the District Court until after the verdict had been returned and when the case was being heard on motion for a new trial. Since the Kentucky decisions now relied on were not timely brought to the court's attention appellant should be precluded from claiming as error that the court failed to apply them. The principle is analogous to objections to a court's charge which must be specific. Rule 51, Federal Rules of Civil Procedure; Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645; McPherson v. Hoffman, 275 F.2d 466, 471 (C.A.6); Ostapenko v. American Bridge Division of U. S. Steel Corp., 267 F.2d 204 (C.A. 2).

If this case had been tried in the state court in Michigan, the judgment of the trial court would be affirmed instead of reversed. The trial judge would not have been required to apply Kentucky law not proven or called to his attention. He could presume, as did the District Court, that the law of Kentucky was the same as Michigan since the contrary was not shown.

It may be argued that this presumption is merely procedural and not binding on the federal court which can apply its own rules of procedure. In my judgment, the rule is more than procedural in the present case because by our not applying it plaintiff has not only lost his verdict, but also his cause of action for implied warranty.

But even if the presumption was only procedural, I still think the District Court was correct in applying it. The rule in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 is not to be narrowly construed. The Supreme Court, I believe, sought to avoid a situation where, in diversity cases, the federal court sitting in the same community applies law differently than the state court.

In Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079, the Court held that Erie R. Co. v. Tompkins ought not to be thwarted by technical

niceties between substance and procedure. Mr. Justice Frankfurter said:

"The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away should not lead to a substantially different result. And so, putting to one side abstractions regarding 'substance' and 'procedure,' we have held that in diversity cases the federal courts must follow the law of the State as to burden of proof, Cities Service Co. v. Dunlap, 308 U.S. 208, [60 S.Ct. 201, 84 L. Ed. 196], as to conflict of laws, Klaxon Co. v. Stentor Co., 313 U.S. 487, [61 S.Ct. 1020, 85 L.Ed. 1477], as to contributory negligence, Palmer v. Hoffman, 318 U.S. 109, 117, [63 S.Ct. 477, 87 L.Ed. 645]. And see Sampson v. Channell, 110 F.2d 754, Erie R. Co. v. Tompkins has been applied with an eye alert to essentials in avoiding disregard of State law in diversity cases in the federal courts. A policy so important to our federalism must be kept free from entanglements with analytical or terminological niceties."

See also: Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953.

In Tracy v. Finn Equipment Co., 290 F.2d 498 at 500 (C.A.6), we applied the Tennessee statutory two-issue rule which relates to procedure. Judge Simons, who wrote the opinion for the Court, said:

"While the Act is in this respect procedural, the United States Supreme Court has postulated a policy that in diversity cases the federal courts must follow even the procedural rules of the state in which it sits where an application of a different rule would cause a substantial likelihood of a different result had the matter been tried in the state court."

The majority recognizes that the District Court was required to follow the conflict of laws rule in Michigan. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Under that rule, Michigan applies its own common law unless the highest court of the sister state has declared the law on the particular subject involved with "absolute certainty." Bostrom v. Jennings, 326 Mich. 146, 154, 40 N.W.2d 97, 101.

It is my position that the common law of Kentucky on the subject of privity has not been declared with absolute certainty.

The dictum in North American Fertilizer Co. would seem to indicate, as the District Judge thought, a trend away from privity.

In Gaidry Motors, Inc. v. Brannon, 268 S.W.2d 627 (Ky.), plaintiff was struck by a used automobile which had been purchased by one Hensley from Gaidry Motors. The court affirmed a judgment in favor of plaintiff based on negligence. Three judges dissented citing Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S.W. 1047, 37 L.R.A.,N.S., 560; Davis v. Glass Coffee Brewer Corp., 296 Ky. 706, 178 S.W.2d 407, and Nehi Bottling Co. v. Thomas, 236 Ky. 684, 33 S.W.2d 701.

In Nehi, the court had held:

"The general rule is that a contractor, manufacturer or furnisher of an article is not liable to third parties who have no contractual relation with him for negligence in the construction, manufacture, or sale of such article * * *."

Davis was to the same effect.

In C. D. Herme, Inc. v. R. C. Tway Co., 294 S.W.2d 534 (Ky.), Herme purchased a trailer from an independent dealer which was manufactured by Tway. An accident was caused by a king-pin connecting the tractor and trailer which was defectively constructed. In allowing a recovery against the manufacturer in negligence in favor of one who had no contractual relations with it the court said:

"The ancient so-called 'general rule' of the manufacturer's non-liability for negligence to persons

with whom he has no contractual relation, followed by this Court in the Olds Motor case, has been abandoned by substantially all modern authorities. * * * Upon reconsideration, we now determine also to abandon it, and we hereby expressly overrule the Olds Motor case."

The impact of Herme was considered in 74 A.L.R.2d at p. 1195 where the annotator states:

"The C. D. Herme decision, supra, must be taken to have overruled not only the Olds Motor Works case, but also the following cases supporting the general rule requiring privity: Heindirk v. Louisville Elevator Co., (1906) 122 Ky. 675, 92 S.W. 608, 5 L.R.A.,N.S., 1103; Berger v. Standard Oil Co. (1907), 126 Ky. 155, 103 S.W. 245, 11 L.R.A.,N.S., 238; * * * Payton's Admr. v. Childers' Electric Co. (1929), 228 Ky. 44, 14 S.W.2d 208; Davis v. Glass Coffee Brewer Corp. (1944), 296 Ky. 706, 178 S.W.2d 407."

Finally, in Snead v. Waite, et al., 306 Ky. 587, 208 S.W.2d 749, Mr. Waite purchased from Snead barbecued mutton for immediate consumption. He and his wife and two children became ill from food poisoning, but only the husband and wife filed suit to recover damages for their injuries. Recovery was allowed to each on implied warranty. The question of privity in the wife's suit was not raised or even mentioned by Kentucky's highest court.

In the present case, the relationship between plaintiff and the manufacturer was not far removed since plaintiff purchased the defective compressor from the manufacturer's distributor. The article was assembled by defendant in Marion, Ohio, where it was sold, crated and shipped to the distributor in Louisville, Kentucky who in turn sold and delivered it in its *original package* to plaintiff.

I would affirm the judgment of the District Court.