CASE 21.—ACTION BY HENRY BERGER AGAINST THE
　　STANDARD OIL CO. FOR DAMAGES FOR PER-
　　SONAL INJURIES.—June 18.—

# Berger v. Standard Oil Co

Appeal from Jefferson Circuit Court.

C. P. Branch 2 Div., THOS. R. GORDON, Judge.

Judgment for defendant, plaintiff appeals—Affirmed.

1. Sales—Warranties—Right of Action.—A warranty is a matter
   of contract, and strangers to the contract have no right of
   action upon it.
2. Negligence—Dangerous Substances—Liability of Manufactur-
   er.—Where a manufacturer or seller of an article is negligent
   in its composition or sale, so that injury results not to the
   vendee, but to a stranger, the general rule is that the seller
   is not liable unless either the article is an imminently dan-
   gerous one, or the seller has knowledge of its defects, and
   that they are such as to endanger life or property of one
   who has no notice of the defects.
3. Same—Knowledge by Manufacturer of Defect—An action
   against a manufacturer of an article which is so defective as
   to endanger life or property of one who has no notice of the
   defect by a person other than the vendee, is founded on de-
   ceit, and the scienter must be laid as to the deceit to sup-
   port it.
4. Same—Precautions Against Injury.—In an action against a
   manufacturer of defective lubricating oil by another than the
   vendee thereof for injuries caused by its explosion, there
   could be no recovery if the injured person could, by the ex-
   ervise of ordinary care, have learned of the defective quality
   of the oil so as to have prevented his injury from its use.
5. New Trial—Grounds—Newly Discovered Evidence.—That a
   witness who would testify to a fact germane to the issues
   was not discovered until after the trial is not ground for a
   new trial, when it appears that he, or others to prove the

same fact, might with ordinary diligence have been discovered before the trial.

6.   Trial—Argument of Counsel—Matters Immaterial to Issues.— In an action against the manufacturer of defective lubricating oil for an injury caused therefrom, it was not error for the court to exclude remarks of counsel in his argument as to what he had thought and done in regard to laving the oil analyzed.

MATT O'DOHERTY and M. K. YONTZ for appellant.

1.   In this action the appellant was entitled to recover the damages, resulting to him from the breach of the warranty, without regard to whether the appellee or agents knew or could have known by the exercise of ordinary care that the oil was unsafe when used as a lubricant.   One who makes a warranty must at his peril know that it is true.   The party to whom a warrant is made cannot be charged with negligence for having accepted or acted upon it, unless the defect and resulting danger be so obvious that no man of ordinary prudence would have accepted or acted upon it, and even against this qualification of the rule the very highest authority may be cited.

2.   The newly discovered evidence, presented in the affidavit of Mr. Cook, entitled appellant to a new trial of his case.

3.   The court erred in the manifest prejudice of the plaintiff's substantial rights by denying to his counsel in the closing argumen of the case to the jury the right to comment upon important and significant facts which had been established by the proof in the case.

4.   The court's ruling in sustaining the objection of defendant's counsel to the statement and argument of plaintiff's counsel in the presence of the jury, and in admonishing the jury not to consider the same, had the further highly prejudicial tendency to impress the jury that plaintiff's counsel were endeavoring in his behalf to gain advantage before the jury by improper means, all to the serious prejudice of plaintiff's case.

### AUTHORITIES CITED.

McClintock v. Emick, Stoner & Co., 87 Ky., 163-164; Waterberry v. Russell, 8 Baxter (Tenn.), 159; Fisher v. Crescent Insurance Co., 33 Fed. Rep., 544; A. & E. Enc. of Law., vol. 28, p. 786; Cooper v. Oscar Daniels Co., 29 Ky. Law Rep., 1174; Standard Oil Co. v. Wakefield's admr., 102 Va., 824; 66 L. R. A, 795-796-797;

Lou. Gas Co. v. Gutekunst, 82 Ky., 432; Standard Oil Co. v. Tierney, 13 Ky. Law Rep., 629; 92 Ky., 367.

HUMPHREY & HUMPHREY, KOHN, BAIRD, SLOSS & KOHN for appellee.

We conclude as follows:

1. That the appellant had no cause of action arising out of contract.

2. That there was no warranty.

3. That a cause of action for deceit was not set forth in the petition nor established by the proof.

4. That without allegation and proof that the appellee sold, as safe, an oil which it knew to be dangerous, the appellee can not recover.

5. That the case was submitted to the jury on instructions which were more favorable to the appellant than the pleadings or proof authorized.

6. That there was no error committed at the trial to the prejudice of any substantial right of the appellant, and that the verdict of the jury and the judgment of the court, delivered after mature deliberation and a full and fair hearing, should not be disturbed.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Affirming.

Appellee sold to appellant's employer a quantity of lubricating oil to be used on a stationary steam engine. Appellant was the engineer who operated the engine. A lubricator, which had a glass tube attachment, was in use upon the engine. The oil was transmitted through it by means of steam pressure to the inside of the cylinders of the engine. The glass tube exploded while in such use, and while appellant was using in it some of the oil which his employer had purchased of appellee. In the explosion a piece of the flying glass struck appellant in the eye, and destroyed its sight. He brought this suit against appellee to recover damages because of his injury. He charged in his petition that appellee was guilty

of gross negligence in representing and warranting to appellant's employer (the owner of the plant where the engine was in use) that the oil was fit and suitable for use as a lubricant on the engine, whereas it was unfit and dangerous, and by reason of its dangerous and unsuitable quality it caused the explosion which injured appellant. The petition also alleged that appellee knew, or, by the use of ordinary care, could have known of the dangerous and unsuitable quality of the oil, but that appellant did not know, and could not have known of it with ordinary care on his part. The trial court submitted the question of appellee's negligence in the matter to the jury in an instruction which will be particularly noticed further along. The evidence was sharply conflicting as to the suitableness of the oil as a lubricant for such purposes to which it was put, and as to whether it probably caused the explosion. The jury's verdict was for the defendant.

The first error assigned on this appeal is in the court's refusal to submit to the jury the question of appellant's right to recover upon the warranty. A warranty is always a matter of contract. For its breach, damages may be recovered by any party to the contract injured thereby, including any person for whose benefit the contract was made. But strangers to the contract have no right of action upon it. There is lacking privity, mutuality, consideration, and every other element essential to constitute the contractual relation between the claimant and the person sued. 2 Benjamin on Sales, section 1004: King v. Creekmore, 77 S. W. 689, 117 Ky. 172, 25 Ky. Law Rep. 1292; Simons v. Gregory, etc., 85 S. W. 751, 27 Ky. Law Rep 509; Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621.

When a manufacturer or a furnisher of an article is negligent in its composition, construction, or sale, so that injury results not to the vendee, but to a stranger, the general rule is that the seller is not liable unless either the article is an imminently dangerous one, or the seller has knowledge of its defects, and that they are such as to endanger life or property without notice or warning of the defects. Cooley on Torts (3d Ed.) 1486-1489. The liability in this case, if one existed at all, was under the second exception just stated. It is founded on deceit, and is a tort. The scienter must be laid as to the deceit to support it. Heindirk v. Louisville Elevator Co. 122 Ky. 675, 92 S. W. 608, 5 L. R. A. (N. S.) 1103, 29 Ky. Law Rep. 193. We are of opinion that the circuit court properly classified the action by the instruction given, and in resting the plaintiff's right to recover on the fact of knowledge of the defective and dangerous quality of the oil, or notice of such facts as that it ought to have known of them. The instruction is as follows: "If you believe from the evidence that the oil in the evidence referred to was dangerous and unsuitable for use as a lubricant, and if you further believe from the evidence that the defendant, by its agent, represented to plaintiff that said oil was safe and suitable for use as a lubricant, and if you further believe from the evidence that the dangerous quality of the oil, if it was dangerous, was known to defendant or to its agents, or could have been known to the defendant or its agents by the exercise of ordinary care, and was not known to the plaintiff (and could not have been known to him by the exercise of ordinary care), and if you further believe from the evidence that the plaintiff relied upon the representations as to the character of the oil so made to him, if they were made. and in

reliance thereon used the oil on his engine, and if you
further believe from the evidence that the said oil,
because of its dangerous quality, if it had such, caused
the oil gauge to explode, and that plaintiff was
thereby injured, then the law is for the plaintiff and
you should so find.'' Appellant complains of this
instruction upon the ground that it prevents a recov-
ery by him if he could have discovered the faulty con-
dition of the oil by the exercise of ordinary care
before the injury. He relies on the cases of Wilson
v. Chess & Wymond Co., 117 Ky. 567, 25 Ky. Law
Rep. 1655, 78 S. W. 453, and Pfisterer v. J. H. Peter
& Co., 117 Ky. 501, 25 Ky. Law Rep. 1605, 78 S. W.
450, in which the doctrine of the Bogenschutz Case,
84 Ky. 330, 8 Ky. Law Rep. 376, 1 S. W. 578, has been
materially modified in this particular. But the prin-
ciple announced in the Bogenschutz Case has not been
repudiated, except as it applies to master and servant.
As the master is under a duty to supply the servant
with reasonably safe appliances, tools and place of
work, the latter may rely on the assumption that the
master has taken care to acquaint himself with the
conditions, and, in the absence of warning or of
obvious defects, or of such facts as naturally and rea-
sonably come under the servant's observation in the
course of his work, to notify him of the defects, he
need not look out for them. But as between strangers
the rule is different. There is no duty from one to
the other. At least, neither has any reason to assume
that the other has taken precaution for the former's
safety. While one ought not to knowingly put on
the market a dangerously defective product, the user
of it uses it at his own risk if he knows of its defects;
or, if he by the exercise of ordinary care could have
learned of them so as to prevent his injury from its

use, he ought to have done so. A man ought to take some care to protect himself from injury. It should be such care as ordinarily prudent persons similarly situated usually exercise for their own safety. That does not mean he should first subject such an article as a lubricating oil to a chemical analysis or any other unusual test. But if by mere observation, or such simple precaution as a man of average caution only would have used under similar circumstances to acquaint himself with what he was about to use, if it is discoverable that the thing is dangerously defective, he is deemed to have done so, and to have used it with full knowledge. He cannot shut his eyes, and then claim that he was hurt by somebody else's fault, when, if he had kept his eyes open, the other party's fault would have been harmless to him.

There is a further distinction as to the duty of one who furnishes an appliance or product intrinsically dangerous to take care to protect the public from its dangers. Standard Oil Co. v. Tierney, 92 Ky. 367, 13 Ky. Law Rep. 626, 17 S. W. 1025, 14 L. R. A. 667, 36 Am. St. Rep. 595. But lubricating oil is not of that class of articles.

A new trial was asked because of newly discovered evidence. This evidence was of a character that it was necessarily germane to the only issue in the case, and was such that its existence must have occurred to the plaintiff in its preparation. That the witness who would testify as indicated in the affidavits was not earlier discovered is not a ground for a new trial, when it appears that he, or others to prove the same fact, might with ordinary diligence have been discovered before the trial. The evidence is that of an engineer as to the explosive quality of certain low-grade oils. It is expert testimony, and would likely

have been furnished by any skilled mechanical engineer if applied to, and if the science admitted of it. To give new trials on the discovery of such evidence would encourage almost endless protraction of such trials.

A final objection is that the trial court erred in ruling on the argument of appellant's counsel to the jury. This is the occurrence as shown in the bill of exceptions: "In his closing argument for plaintiff to the jury, M. O'Doherty, of counsel, commented upon the fact that the defendant, the Standard Oil Company, had failed to have the oil or any part of the oil, or oil similar to that sold to the plaintiff, and complained of in his petition, analyzed by any chemist, and had further failed to bring before the jury any one who had ever used oil similar to that sold to the plaintiff's employer, and complained of in the petition, and proceeded to argue that the failure of the defendant company to have the oil analyzed by a competent chemist could not have been the result of mere oversight, and in this connection stated to the jury that when the plaintiff, Berger, first called upon him, M. O'Doherty, as counsel, and complained of the oil, the very first thing counsel did or thought of doing was to have a chemist analyze the oil." The court's ruling excluded the remarks as to what appellant said to his attorney, and as to what his attorney did. We think the ruling correct. While it was relevant to prove that appellee did not have the oil analyzed, or tested, and it was legitimate argument that its failure to produce witnesses or evidence that the oil had ever been used for the purposes for which it was sold to appellant's employer was a circumstance to show that it was not fit for such use, still what appellant said to his attorney, and what his attorney

thought and did, were wholly immaterial on the issue being tried by the jury.

. There appears to us no error in the record, and the judgment is affirmed.