IRA BYRD v. THE STAR RUBBER COMPANY, ORIGINAL DEFENDANT, AND TOM TURNAGE AND CAISON TURNAGE, DOING BUSINESS AS NASHVILLE RECAPPERS, THIRD PARTY DEFENDANTS

No. 717SC286

(Filed 26 May 1971)

Sales § 14— breach of warranty — privity of contract

Employee of a retailer of new tractor tires does not have a cause of action for breach of warranty against the tire manufacturer for injuries received when a tire exploded while the employee was mounting it upon the wheel of a tractor owned by a customer of the retailer since there is no privity of contract.

Judge BROCK dissenting.

. APPEAL by plaintiff from *Cohoon, Judge,* December 1970 Civil Session, Superior Court of NASH County.

Plaintiff instituted this action to recover damages for injuries sustained when a new tractor tire exploded while plaintiff was mounting it upon the wheel of a tractor belonging to a customer of plaintiff's employer. The tire was allegedly manufactured by Star Rubber Company, original defendant, and sold by it to plaintiff's employer, Nashville Recappers, third party defendant. Plaintiff's first cause of action was grounded in negligence. In his second cause of action, he alleged that the tire was defective; that it exploded while he was mounting it, adopting the usual method of mounting tractor tires used in the industry; and that defendant is liable to him for his injuries which resulted from original defendant's breach of warranty that the tractor tire was fit for the purpose for which it was sold and could be mounted with safety upon a tractor wheel using the usual methods used in the industry.

At pretrial conference, the court, by agreement of the parties through counsel, considered an oral motion of original defendant that the plaintiff's second cause of action be dismissed for that the complaint fails to state a claim upon which relief can be granted under G.S. 1A-1, Rule 12(b). After hearing, the court entered an order allowing the motion and dismissing the second cause of action. Plaintiff excepted and appealed, and under G.S. 1A-1, Rule 41(a)(1), filed a stipulation of dismissal as to his first cause of action.

*Fields, Cooper and Henderson, by Milton P. Fields, for plaintiff appellant.*

*Battle, Winslow, Scott and Wiley, P. A., by J. B. Scott, for Star Rubber Company, original defendant appellee.*

*Spears, Spears, Barnes and Baker, by Alexander H. Barnes, for Nashville Recappers, third party defendant.*

MORRIS, Judge.

This appeal raises one single question which is whether a plaintiff, not an ultimate consumer and not one in privity of contract with the manufacturer, has a cause of action for breach of warranty if injured in the use of the product while an employee of a purchaser for resale to the ultimate consumer of the product manufactured by defendant.

Our Supreme Court in *Corprew v. Chemical Corp.*, 271 N.C. 485, 157 S.E. 2d 98 (1967), held that in a *tort* action for *neg-*

*ligence* against a manufacturer, whether privity of contract exists is immaterial when it said ". . . the time has come for us to recognize that the exceptions to the general rule of non-liability of a manufacturer for *negligence* because of lack of privity of contract have so swallowed up the general rule of non-liability that such general rule for all practical purposes has ceased to exist. Its principle was unsound. It tended to produce unjust results. It has been abandoned by the great weight of authority elsewhere. We have abandoned it in this jurisdiction." (Emphasis ours.) There the Court allowed a cause of action in *tort* and a cause of action for breach of warranty in an action by the ultimate consumer against the manufacturer. The product was a chemical weed killer, sold in labeled sealed containers, which plaintiff alleged he had used as directed but had suffered damages to his peanut and soy bean crops planted the succeeding year in fields in which he had used the weed killer on his corn crop the previous year. Prior to *Corprew*, exceptions to the privity rule in negligence had begun to appear; i.e., the dangerous instrumentalities exception, *Jones v. Elevator Co.*, 231 N.C. 285, 56 S.E. 2d 684 (1949); food and drink cases, *Broadway v. Grimes*, 204 N.C. 623, 169 S.E. 194 (1933); *Perry v. Bottling Co.*, 196 N.C. 175, 145 S.E. 14 (1928); *Broom v. Bottling Co.*, 200 N.C. 55, 156 S.E. 152 (1930). *Corprew* abolished any privity requirements in negligence cases. However, the question before us was neither raised nor discussed.

The most recent decision of our Supreme Court discussing the question now before us is *Wyatt v. Equipment Co.*, 253 N.C. 355, 117 S.E. 2d 21 (1960). There an action was brought to recover damages for personal injuries sustained by plaintiff while operating, as an employee of Neal Hawkins Construction Company, an International Harvester Loader sold by defendant to the construction company, employer of plaintiff. The matter was heard in the trial court on defendant's demurrer to the amended complaint which attempted to allege two causes of action—one in *tort* and one alleging a breach of warranty "of merchantability and fitness." The Supreme Court affirmed the trial court in sustaining the demurrer. As to the cause of action in *tort,* the Court said the factual allegations of the complaint were insufficient to show that plaintiff's injury was proximately caused by the negligence of defendant. As to the cause of action alleging breach of contract, the Court said:

" 'Subject to some exceptions and qualifications, it is a general rule that only a person in privity with the warrantor may recover on the warranty.' 77 C.J.S., Sales § 305(b); 46 Am. Jur., Sales § 306.

Our decisions are in accord. *Thomason v. Ballard & Ballard Co.*, 208 N.C. 1, 179 S.E. 30, and cases cited. Absent privity of contract, there can be no recovery for breach of warranty except in those cases where the warranty is addressed to an ultimate consumer or user. *Ordinarily, the rule that a seller is not liable for breach of warranty to a stranger to the contract of warranty is applicable to an employee of the buyer. Berger v. Standard Oil Co.*, (Ky.), 103 S.W. 245, 11 L.R.A. (N.S.) 238. *Negligence is the basis of liability of a seller to a stranger to the contract of warranty. Enloe v. Bottling Co.*, 208 N.C. 305, 180 S.E. 582, and cases cited; *Caudle v. Tobacco Co.*, 220 N.C. 105, 16 S.E. 2d 680." (Emphasis ours.)

It is true that there has been some slight erosion in this State of the privity requirement in breach of warranty actions. This has been limited to food and drink and insecticides in sealed containers which had warnings on the label which reached the ultimate consumer. In *Terry v. Bottling Co.*, 263 N.C. 1, 138 S.E. 2d 753 (1964), Justice Sharp in a concurring opinion made an exhaustive survey of the privity requirement in this State and other jurisdictions and discussed many of the reasons advanced for its loss of vitality in other jurisdictions. Perhaps the rationale for abandoning the requirement in negligence actions applies with equal force to breach of warranty actions. However, we find no case in this State accomplishing for breach of warranty actions what *Corprew* accomplished for negligence actions. *Wyatt* remains the applicable rule in this case. To hold otherwise would, in our opinion, require us to ignore or overrule *Wyatt*. This we cannot do.

Affirmed.

Judge HEDRICK concurs.

Judge BROCK dissents.

Judge BROCK dissenting:

The majority opinion relies upon *Wyatt v. Equipment Co.,* 253 N.C. 355, 117 S.E. 2d 21, to dispose of the question involved here. It seems to me that the *Wyatt* rule can stand reexamination in the light of developments in product liability case law in the past ten years.

But, in any event, *Wyatt* was concerned with ruling upon a demurrer to a complaint which was treated as alleging an express warranty made by the defendant to plaintiff's employer. Because of this I view *Wyatt* as holding that a recovery cannot be had by a person not in privity with the warrantor of an *express* warranty. My view of this is strengthened by the fact that *Wyatt* cited *Berger v. Standard Oil Co.* (Ky.), 103 S.W. 245 (1907) as authority to exclude an employee of the buyer from the benefits of an express warranty by the seller to the buyer. Both *Wyatt* and *Berger* were concerned with allegations of an *express* warranty to the employer of plaintiff; there appears to have been no allegation or effort to recover on *implied* warranty.

In a later Kentucky case, *Dealers Transport Co. v. Battery Distributing Co.* (Ky.), 402 S.W. 2d 441 (1966) the following is said: "The Berger case actually involved an express warranty, and is not authority for the rule applicable to an implied warranty." In the same case it was also stated: "We are unable to perceive a valid basis for requiring privity of contract in a products liability claim based on breach of implied warranty and disregarding privity in such claims based on negligence."

In the case *sub judice* the allegations of the complaint seem to allege an implied warranty and for that reason is distinguishable from the case relied upon by the majority. I vote to reverse the order of dismissal.