HOME MUTUAL INSURANCE COMPANY v. JAMES O. VICK, T/A
    VICK'S RADIO AND TV SALES AND SERVICE, AND WEST-
    INGHOUSE ELECTRIC CORPORATION

No. 727DC674

(Filed 20 December 1972)

Sales § 14— breach of implied warranty — necessity for privity of contract
        The purchaser of a television set from a retailer has no cause
    of action against the manufacturer for breach of implied warranty
    to recover for damages sustained when a fire in the television set
    destroyed the set and damaged the purchaser's home, since there is
    no privity of contract.

APPEAL by plaintiff from *Carlton, District Judge,* 1 May 1972 Civil Session of District Court held in NASH County.

Subrogation action by plaintiff to recover damages paid to Harold Winstead and his wife Dorathy W. Winstead under the terms of a fire insurance policy issued to them by plaintiff.

In August of 1967, the Winsteads purchased a color television set from defendant Vick, a retail television dealer in Rocky Mount. The television set was manufactured by defendant Westinghouse and sold by Westinghouse to Vick in August of 1967 or prior thereto. Vick, or his employees, installed the television set in the Winstead home and repaired the set when it developed trouble several months later. The television set was repaired by Vick a second time in February of 1968. On 21 February 1968, approximately two weeks after the second repair, a fire occurred in the television set, totally destroyed the set, and caused fire damage to the Winsteads' house. Plaintiff paid the Winsteads' insurance claim for fire damage and brought this action to recover against defendants for breach of implied warranty.

At the conclusion of plaintiff's evidence the court allowed the motion of defendant Westinghouse for a directed verdict. Plaintiff then took a voluntary dismissal against defendant Vick and appealed from the judgment allowing the motion of defendant Westinghouse.

*Fields, Cooper & Henderson by Milton P. Fields for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey for defendant appellee Westinghouse Electric Corporation.*

GRAHAM, Judge.

Plaintiff was unable to show any privity of contract between the ultimate purchasers of the television set and defendant Westinghouse, the manufacturer. It seeks, however, to have us abandon the general principle that where an ultimate consumer of a product suffers injury or damage through its use, he has a cause of action against the manufacturer of the product for breach of implied warranty only in the event there is privity of contract between him and the manufacturer. *Wyatt v. Equipment Co.,* 253 N.C. 355, 117 S.E. 2d 21.

A similar effort to have the privity requirement abandoned in breach of warranty cases was made in the case of *Byrd v. Rubber Co.*, 11 N.C. App. 297, 181 S.E. 2d 227. In that case the employee of a retailer of new tractor tires sought to recover against the tire manufacturer for injuries sustained when a tire exploded while being mounted by the employee. In an opinion sustaining a dismissal of the case, Judge Morris noted that in *Corprew v. Chemical Corp.*, 271 N.C. 485, 157 S.E. 2d 98, our Supreme Court abandoned the requirement of privity in tort actions for negligence. She also noted that other exceptions to the privity rule have developed in North Carolina, and concluded with the following:

> "It is true that there has been some slight erosion in this State of the privity requirement in breach of warranty actions. This has been limited to food and drink and insecticides in sealed containers which had warnings on the label which reached the ultimate consumer. . . . Perhaps the rationale for abandoning the requirement in negligence actions applies with equal force to breach of warranty actions. However, we find no case in this State accomplishing for breach of warranty actions what *Corprew* accomplished for negligence actions. *Wyatt* remains the applicable rule in this case. To hold otherwise would, in our opinion, require us to ignore or overrule *Wyatt*. This we cannot do."

We find persuasive plaintiff's arguments in favor of abandoning the privity doctrine in warranty actions. However, the authority to reexamine the rule belongs to the Supreme Court and not to us. We therefore affirm the judgment of the District Court.

Affirmed.

Judges HEDRICK and VAUGHN concur.