Mary Kate **BRENDLE**, Administratrix of the Estate of William Charles Brendle, Deceased, Appellant,

v.

The **GENERAL TIRE AND RUBBER COMPANY**, Appellee.

No. 14328.

United States Court of Appeals, Fourth Circuit.

Argued June 1, 1970.

Decided Oct. 18, 1974.

John Haworth, High Point, N. C. (Charles E. Nichols and William G. Pfefferkorn, Winston-Salem, N. C., on brief), for appellant.

Beverly C. Moore, Greensboro, N. C. (Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF*, Senior Circuit Judge, and WIDENER, District Judge.**

WIDENER, Circuit Judge:

This diversity case was brought by an Administratrix, a North Carolina resident, against The General Tire and Rubber Company (defendant), an Ohio corporation, alleging that a single truck wreck, in which the driver (her decedent) was killed, had been caused by the blowout of a defective tire manufactured by the defendant. The suit was based on two theories of recovery: negligent design and manufacture of the tire, and breach of implied warranty of the tire's fitness for use. Plaintiff appeals from an order granting defendant's motion for summary judgment on the breach of warranty issue.

The defendant had previously moved for summary judgment on both theories of recovery, which the district court granted only as to the negligence theory. That decision was affirmed in Brendle v. General Tire and Rubber Co., 408 F.2d 116 (4th Cir. 1969).

■ This case is somewhat unusual. To begin, the accident occurred in Missouri and thus Missouri law was applied to the negligence theory in accordance with the *lex loci delicti* choice of law rule followed in the forum state of North Carolina. The negligence action was barred under the applicable Missouri statute of limitations, hence summary judgment was properly granted as to that issue. But the breach of warranty issue, again looking to the conflicts law of the forum state but under the category of sales, would be resolved under North Carolina law, where sale of the tire was consummated. The district court applied North Carolina law, concluded that a recent North Carolina decision still in litigation might make a material change in the warranty law, and accordingly denied the defendant's previous motion for summary judgment on the warranty issue, but without prejudice to renew it. The motion was renewed six months later and was granted on the basis that North Carolina law requires privity of contract in an action based on warranty.

This appeal followed. After oral argument and deliberation, the panel determined that a similar North Carolina case, Dupree v. Batts, 276 N.C. 68, 170 S.E.2d 918 (1969), which had recently been remanded in order to decide the issue of privity, might be conclusive as to the privity issue here. Accordingly, we issued an order suspending further pro-

---

* Judge Sobeloff took part in the decision of the panel after oral argument but died prior to publication of the opinion.

** Sitting by designation. Now a Circuit Judge.

ceedings pending the North Carolina state court decision in *Dupree*.

The *Dupree* case, however, was not tried again but was settled. Since there has been no change in North Carolina law, we are of opinion that the district court was correct in its conclusion that privity between the parties is a necessary aspect of this action based on warranty, and we affirm the granting of summary judgment on that issue.

The facts are not complicated. On September 13, 1965, William Brendle was injured in an accident in Lafayette County, Missouri while he was driving a truck for his employer, a North Carolina corporation. He died a week later from his injuries. The accident allegedly was caused by a blowout of the truck's right front tire, which had been made in Ohio by the defendant, and had been sold to Brendle's employer in North Carolina by a North Carolina subsidiary of General Tire. The plaintiff, administratrix of Brendle's estate, sued General Tire to recover for the medical expenses and pain and suffering resulting from Brendle's injuries before death, and for his subsequent wrongful death.

■ A federal court, sitting in North Carolina in a diversity case, must apply the law as announced by the highest court of that state or, if the law is unclear, as it appears the highest court of that state would rule. Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); Lowe's North Wilkesboro Hardware v. Fidelity Mutual Life Insurance Co., 319 F.2d 469, 472 (4th Cir. 1963).

■ The general rule, as stated by the Supreme Court of North Carolina in Wyatt v. North Carolina Equipment Co., 253 N.C. 355, 117 S.E.2d 21 (1960), is that only persons in privity with the warrantor may recover on a warranty, and privity does not extend to an employee of a purchaser, because an employee is normally considered a stranger to the contract of warranty. Whatever erosion North Carolina has allowed to the privity requirement in breach of warranty actions has been limited to cases involving food and drink and insecticides in sealed containers which had warnings on the label which reached the ultimate consumer, or where the manufacturer had so advertised or given directions as to use so that a warranty could be viewed as running to the consumer. See Tedder v. Bottling Co., 270 N.C. 301, 154 S.E.2d 337 (1967); Corprew v. Chemical Corp., 271 N.C. 485, 157 S.E.2d 98 (1967); and Terry v. Double Cola Bottling Co., 263 N.C. 1, 138 S.E.2d 753 (1964) (especially the concurring opinion).

■ The plaintiff contends that because of the substantial amount of advertising General Tire used in the promotion of the particular brand of tire involved in this controversy, the implied warranty extended to the deceased truck driver, and thence to the administratrix of his estate. She relies primarily on Tedder v. Bottling Co., supra, which held that a jury question arose as to whether defendant bottler was liable for breach of implied warranty where the bottler had advertised its product in such a way as to promote its use by consumers, and plaintiff was a consumer injured by drinking from an allegedly contaminated bottle. However, we find no North Carolina case allowing privity, or an exception to privity, under any facts similar to those before us. The tire advertisements are of no help to the plaintiff here, for it was not the driver who relied on them, but rather his employer who bought the tire relying on the advertising. Under these facts, we have no reason to believe that the North Carolina Supreme Court would deviate from the general requirement of privity as set out in *Wyatt*.

Our conclusion is strengthened by the recent North Carolina Court of Appeals' opinion in Byrd v. Star Rubber Co., 11 N.C.App. 297, 181 S.E.2d 227 (1971). The facts in *Byrd* are almost identical to those here; an employee of the purchaser of a tire was mounting the tire on a tractor wheel when it exploded,

**246**

causing injury to him. The employee sued the tire manufacturer for breach of warranty. Although it may be argued that the *Byrd* case is distinguishable from the one at hand, in that the plaintiff there did not allege privity was established due to advertising, this distinction makes no difference since, as stated, the deceased here was not the one who could, or did, rely on the advertisements. The *Byrd* court held that the employee had no privity with the manufacturer and affirmed dismissal of the suit. Although *Byrd* was not passed on by the North Carolina Supreme Court, we think it is most persuasive in its interpretation of North Carolina law, and we are constrained to believe that the North Carolina Supreme Court would continue to find a lack of privity under the facts as we find them here.

Since, if the other issues mentioned in the briefs were resolved favorably to the plaintiff the outcome would not be changed, we do not reach them in this opinion.

The judgment of the district court is accordingly

Affirmed.