WYNN, Circuit Judge,
dissenting in part:
I agree with nearly all aspects of the thoughtful and well-reasoned majority opinion. The only issue on which I part ways with the majority is whether the Baltimore City State’s Attorney’s Office is an entity amenable to suit. I conclude that it is, and I would remand for the district court to fully consider whether the Baltimore City State’s Attorney’s Office is entitled to sovereign immunity. Accordingly, on this issue alone, I respectfully dissent.
I.
Rule 17(b) of the Federal Rules of Civil Procedure requires us to look to the “law of the state where the court is located” to determine whether an entity that is not an individual or a corporation has the capacity to be sued. Fed.R.Civ.P. 17(b)(3). I agree with the majority that Maryland’s courts do not yet appear to have determined whether the Baltimore City State’s Attorney’s Office has the capacity to be sued. But a close look at the Maryland Constitution and the Maryland Criminal Procedure Code convince me that it is.
The Maryland Constitution establishes a State’s Attorney for each county and for the City of Baltimore—and it goes further *411 with specific provisions that apply only to “the State’s Attorney for Baltimore City.” Md. Const, art. V, § 9. For example, the Constitution provides “that the State’s Attorney for Baltimore City shall have the power to appoint a Deputy and such other Assistants as the Supreme Bench of Baltimore City may authorize or approve[J” Id. Maryland’s Constitution also specifies salaries for Baltimore’s State’s Attorney, Baltimore’s Deputy State’s Attorney, and Baltimore’s Assistant State’s Attorneys. Id. Finally, it states that the “expenses for conducting the office of the State’s Attorney ... shall be paid by the Mayor and City Council of Baltimore[.]” Id.
Not surprisingly, then, Maryland’s Criminal Procedure Code acknowledges the existence of the “Office of the State’s Attorney” that the Maryland Constitution created. Md.Code AnmCrim. Proc. § 15. Not only is Criminal Procedure Code Title 15 named “Office of the State’s Attorney,” * id., but it defines “State’s Attorney” as “the individual holding that office under Article V, § 7 of the Maryland Constitution!;,]” id. § 15-101. It sets forth all of the duties and powers possessed by that Office, id. §§ 15-102-109, and it distinguishes the Office of the State’s Attorney from the Office of the State Prosecutor, which was established to be “an independent unit in the Office of the Attorney General.” Id. § 14—102(a)(2).
Were this a case about a sheriffs department, I, too, would perceive the need to “remain faithful to the [Maryland Court of Appeals’ s] analysis in Boyer.” Ante at 395. But this is a case about the Baltimore City State’s Attorney’s Office, not a sheriffs department. All the Boyer court concluded was that there is no such thing as the “Charles County ‘Sheriffs Department,’ ” which was how the plaintiff in that case named the defendant in his complaint. Also, with one exception, the Boyer court consistently referred to the entity in that case as the Charles County “Sheriffs Department”—with quotation marks around “Sheriffs Department.” It should come as no surprise, then, that the Boyer court determined that the Charles County “Sheriffs Department” is not a legal entity; after all, the Boyer court explained that they could find nothing establishing an entity known as the Charles County “ ‘Sheriffs Department.’ ” Boyer v. State, 323 Md. 558, 594 A.2d 121, 128 n. 9 (1991). In short, nothing in Boyer persuades me that the Maryland Court of Appeals used that case to set forth an analytical framework for determining whether entities other than the Charles County Sheriffs Department are amenable to suit.
Unlike the majority, I do not read footnote 9 in Boyer to stand for the broad assertion of Maryland state law that “absent a statutory or constitutional provision creating a governmental agency, an ‘office’ or ‘department’ bears no unique legal identity, and thus, it cannot be sued under Maryland law.” Ante at 393. Instead, that footnote explains why the Maryland Court of Appeals determined that the Charles County Sheriffs Department was *412 not a governmental agency or a standalone legal entity capable of being sued. In other words, the absence of any mention of the Charles County Sheriff’s Department either in the Maryland Constitution or in any other state statute confirms only the legal nonexistence of that particular department.
But even assuming for the sake of argument that footnote 9 in Boyer stands for the broad proposition that the majority opinion ascribes to it, I would still conclude that the Baltimore City State’s Attorney’s Office is a governmental agency amenable to suit for the reasons stated above. To reiterate, the Maryland Constitution clearly establishes the Baltimore City State’s Attorney’s Office, and the Maryland Criminal Procedure Code provides additional evidence of that Office’s existence. Because I think that the Maryland Constitution is clear, I find it outside of our purview to add our gloss to it.
The majority opinion suggests that the establishment of the Office of the State’s Attorney’s Coordinator provides evidence “[t]hat the Maryland General Assembly knew how to create such an office, yet failed to do so with respect to the” Baltimore City State’s Attorney’s Office. Ante at 393. The majority is persuaded that the absence of a similar statute creating the Baltimore City State’s Attorney’s Office “confirms” that the Office “bears no unique legal identity.” Id. But “[a]s one court has aptly put it, ‘[n]ot every silence is pregnant.’ ” Burns v. United States, 501 U.S. 129, 136, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (quoting Ill. Dep’t of Pub. Aid v. Schweiker, 707 F.2d 273, 277 (7th Cir.1983)), abrogated on other grounds by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). I conclude that a more reasonable interpretation of the fact that the Maryland General Assembly has not enacted a statute establishing the Baltimore City State’s Attorney’s Office is that the Maryland Constitution had already done so.
Finally, even if I thought that Maryland law was unclear on this point, I am not persuaded that the majority opinion captures the way that the Maryland Court of Appeals would rule on the issue. “The highest state court is the final authority on state law, but it is still the duty of the federal courts, where the state law supplies the rule of decision, to ascertain and apply that law even though it has not been expounded by the highest court of the State.” Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177, 61 S.Ct. 176, 85 L.Ed. 109 (1940) (citations and footnote omitted). When the state law is unclear, we “must apply the law ... as it appears the highest court of that state would rule.” Brendle v. General Tire & Rubber Co., 505 F.2d 243, 245 (4th Cir.1974) (emphasis added).
II.
Because I would hold that the Baltimore City State’s Attorney’s Office is a legal entity capable of being sued, I would also reach the question of whether the district court erred in determining that the Baltimore City State’s Attorney’s Office is entitled to sovereign immunity. Although the Eleventh Amendment prevents plaintiffs from suing states and “arms of the state” in federal court, “Eleventh Amendment immunity does not extend to counties and similar municipal corporations[,] ... even if [they] exercise a slice of State power.” Cash v. Granville Cnty. Bd. of Educ., 242 F.3d 219, 222 (4th Cir.2001) (quotations marks and citations omitted); Monell v. Dep’t of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
When an entity has both state and local characteristics, “the entity’s potential legal liability” is relevant to the Eleventh Amendment inquiry. Regents of the Univ. *413 of Cal. v. Doe, 519 U.S. 425, 431, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). “Because the State treasury factor is ‘the most salient factor in Eleventh Amendment determinations,’ a finding that the State treasury will not be affected by a judgment against the governmental entity weighs against finding that entity immune.” Cash, 242 F.3d at 224 (quoting Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 48, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994)). If the state would not be liable for judgment, courts consider several additional factors, including the amount of control that the state exercises over the entity, the scope of the entity’s concerns, and the way in which state law treats the entity to determine whether sovereign immunity bars the lawsuit. Id.
In his opposition to Defendants’ motion to dismiss, Owens argued that the Baltimore City State’s Attorney’s Office is not entitled to sovereign immunity because it is a “hybrid” governmental unit “created by State law but funded and overseen by a city or county government.” J.A. 75. Furthermore, Owens attached exhibits to his opposition that show the State’s Attorney on the City of Baltimore’s organization chart and as a line item on the City’s general fund budget. [J.A. 88-90.] Owens also specifically requested the opportunity to conduct discovery on the matter. J.A. 82.
But when it orally granted Defendants’ motion to dismiss, the district court failed to analyze the case law discussed above or to explain why it was rejecting Owens’s arguments in favor of Defendants’ arguments. Further, the district court failed to give the parties a “reasonable opportunity to present all the material that is pertinent to the motion.” Fed.R.Civ.P. 12(d). Instead, it simply declared that “based upon the arguments as well as the case law cited in the briefs in this case, ... the State’s Attorneys [sic] Office is a State agency and it certainly is entitled to [] sovereign immunity.” J.A. 355.
In the end, I would reverse and remand the case to the district court with instructions to treat Defendants’ motion to dismiss as a motion for summary judgment and to allow Owens to pursue reasonable discovery as to the sovereign immunity issue. See Plante v. Shivar, 540 F.2d 1233, 1235 (4th Cir.1976).

 The majority opinion states that the title of the code section "provides little assistance to courts interpreting statutory provisions.” Ante at 394. Although this is certainly a valid canon of construction, it has no relevance here for two reasons. First, we are not interpreting the Maryland Criminal Procedure Code itself; we are determining whether a particular thing—the Baltimore City State’s Attorney’s Office—has a distinct legal identity. Second, that particular canon of construction applies when the statute subject to interpretation contains “some ambiguous word or phrase.” Bhd. of R.R. Trainmen v. Balt. & Ohio R.R. Co., 331 U.S. 519, 528-29, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). The majority points to nothing ambiguous in the statute that might trigger the application of that canon.?